ELIZABETH M. CHURCHILL *vs.* BARRON PROCTOR and others.

September 25, 1883.

Action to Foreclose Mortgage on Leasehold Estate—Relief in Same Action against Fraudulent Forfeiture of the Leasehold Estate to Lessor—Banning v. Bradford distinguished.—Defendants Cahill and Townshend held a lease from McKusick for a term of years, subject to a yearly rent, payable quarterly, with the right on the part of the lessor to re-enter and take possession in case of default in payment of the rent. Cahill and Townshend conveyed an undivided third of the leasehold estate to defendant Proctor, who mortgaged it to plaintiff. Cahill subsequently conveyed his interest to Townshend, who is now in the exclusive possession. Cannon and Townshend, as is alleged, fraudulently combined and conspired to destroy plaintiff's mortgage security, and in pursuance and furtherance of such conspiracy, Cannon purchased the fee or reversion in the premises from McKusick, and with like purpose Townshend defaulted in payment of the rent, and Cannon, with like purpose, entered and took possession, and ousted Townshend, and then made a new lease to Townshend. *Held* that, in an action to foreclose her mortgage, plaintiff might also have relief against the fraudulent forfeiture of the leasehold estate which was the subject of the mortgage. This would not be litigating a paramount adverse title in an action of foreclosure within the meaning of the rule laid down in *Banning* v. *Bradford*, 21 Minn. 308.

Same—Failure of Mortgagee to Pay or Tender Rent.—The fact that plaintiff might have protected the mortgaged estate by herself paying the rent, will not deprive her of the right to relief from the forfeiture accomplished by the fraudulent acts of defendants. Neither was it necessary for her to tender Cannon payment of the overdue rent before bringing her action.

v.31—9

Mortgage by Partner of his Interest in Partnership Property—Action
to Foreclose and for Accounting of Partnership Sustained.—It is
alleged that at the time of the execution of plaintiff's mortgage this
leasehold estate was the partnership property of Cahill, Townshend &
Co., a firm composed of defendants Cahill, Townshend, and Proctor, and
was by them used and occupied for the purposes of their partnership
business, and that plaintiff had notice of these facts; also that said prop-
erty continued to be so owned, occupied, and used, by such firm for
nearly two years thereafter. *Held* that, under these facts, plaintiff's
mortgage was subject to all the equities of such partnership, whether ex-
isting at the time or arising subsequently to the execution of the mort-
gage, and hence plaintiff would only be entitled to her mortgagor's in-
terest or share in what remains after all these equities are fully adjusted,
which could only be determined upon a full accounting of the business
of the partnership. But *held, further,* that plaintiff may in the same
action foreclose her mortgage, and also have such accounting in order to
ascertain the amount of the mortgagor's interest. She is not compelled
to foreclose first and then institute another action for an accounting.

Plaintiff brought this action in the district court for Washington
county to foreclose a mortgage on a leasehold estate. The allega-
tions of the complaint are recited in the opinion. On the trial before
*Crosby,* J., the plaintiff, having introduced in evidence her mortgage
and notes, offered evidence to prove the fraudulent forfeiture of the
leasehold estate as alleged, the value of the premises, and knowledge
on the part of the defendants of the facts alleged. On defendants'
objection this evidence was excluded as incompetent, irrelevant and
immaterial, and, plaintiff having rested, the court, on defendants'
motion, dismissed the action. The plaintiff appeals from an order
refusing a new trial.

*J. N. & I. W. Castle* and *Geo. B. Young,* for appellant.

*Marsh & Searles* and *Gordon E. Cole,* for respondents.

The forfeiture cannot be set aside as fraudulent. The type of fraud
is deceit, which does not exist in this case. The alleged intent to
effect a forfeiture was, according to the complaint and reply, known
to the plaintiff when the action was begun, and before it was carried
into effect. There can be no fraud in doing what the law or contract
of the parties allows, whatever may be the intent. If Cannon, under
the lease, had a right to re-enter and terminate the lease on default

of payment of rent, the exercise of the right could not work a legal injury to plaintiff, especially if the plaintiff was not deceived as to such intention. The plaintiff did nothing to secure Cannon the rent due, tendered no payment, nor did she even demand of her mortgagor that he pay the rent. But, on the contrary, she alleges that she demanded of Townshend that he pay the rent, but she did not offer to prove that he had in his hands assets of the copartnership with which such rent could be paid. Plaintiff does not offer to do equity by paying Cannon the rent, or her part thereof, that was due when the lease was forfeited and that has since accrued.

It is sufficient to say that an action to foreclose a mortgage is confined strictly to that purpose. Adverse claims, conflicting interests, the validity of the incumbrances or the rights of other parties, cannot be adjudicated in such a proceeding. *Banning* v. *Bradford*, 21 Minn. 308.

The plaintiff is not entitled, in this action, to an accounting of the business of the partnership of Cahill, Townshend & Co. Her remedy is to proceed against Barron Proctor alone, to foreclose her lien, and, after she has become the owner of Barron Proctor's interest by foreclosure, then she can ask for an accounting of the transactions of the co-partnership. Not until the lien has been transferred into a title can an accounting be called for. *Barrett* v. *McKenzie*, 24 Minn. 20; *Wickham* v. *Davis*, Id. 167; *Miller* v. *Brigham*, 50 Cal. 615; *Baker's Appeal*, 21 Pa. St. 76; *Bank* v. *Carrolton Railroad*, 11 Wall. 624.

MITCHELL, J. The allegations of plaintiff are, in brief, that defendants Cahill and Townshend held a lease of certain real estate from McKusick for a term of years, subject to a yearly rental, payable quarter-yearly, with the right on the part of the lessor to re-enter and take possession on default of payment of rent; that Cahill and Townshend subsequently conveyed an undivided third of this leasehold estate to defendant Proctor, who afterwards mortgaged it to plaintiff to secure payment of the sum of $8,000 and interest, which is now overdue and unpaid; that Cahill subsequently conveyed his interest to Townshend, who is now in exclusive possession of the premises; that defendants Townshend and Cannon fraudulently con-

spired to destroy plaintiff's mortgage security, and, in pursuance and furtherance of such conspiracy, Cannon purchased the fee or reversion in the premises from McKusick, and with like purpose Townshend defaulted in the payment of the rent, and thereupon Cannon, for the same purpose, entered and took possession, and colorably ousted Townshend, and then made a new lease to Townshend and one Sabin, who had notice of all the facts; thus attempting to forfeit and destroy a leasehold estate worth $40,000 for a default in the payment of $375 rent. The relief sought is a foreclosure of plaintiff's mortgage, and that this fraudulent forfeiture of the leasehold estate covered by the mortgage, and the new lease to Townshend and Sabin, be declared void and set aside, and thus establish or restore the mortgaged estate.

The first question presented is whether plaintiff can, in an action to foreclose, also have, as against defendants Cannon and Townshend, relief from this fraudulent termination and forfeiture of the estate covered by the mortgage. Defendants' contention is that, in an action to foreclose, the mortgagee cannot bring in question a paramount title and have it adjudicated. This is undoubtedly true. *Banning* v. *Bradford*, 21 Minn. 308. But it is not here sought to litigate a paramount title, within the meaning of the rule. The object here is to re-establish the mortgaged estate, which defendants, by their fraudulent acts, have attempted to wipe out. The equity to be relieved from these fraudulent acts is not defeated or affected by the fact that the forfeiture of the leasehold estate was attempted to be accomplished by a title paramount to plaintiff's mortgage. In fact, that is the very injury complained of. It would be idle to foreclose and sell under the mortgage until it be determined whether there is now any estate covered by it. *Cummings* v. *Freer*, 26 Mich. 128; *Wilkinson* v. *Green*, 34 Mich. 221. It is no more onerous on defendants to try this question in this action than it would be in another suit brought by the purchaser at the foreclosure sale.

It is also suggested that plaintiff is not entitled to this equitable relief, because she might have protected her mortgage interest by herself paying the rent. But if defendants were guilty of the fraud charged, it does not lie in their mouths to suggest that plaintiff might

have thus defeated their fraudulent purpose. They have no right to insist on plaintiff's paying the whole rent in order to protect herself against their fraudulent conspiracy. Neither was it necessary for plaintiff to tender Cannon payment of this rent before bringing this action. If the overdue rent should be paid as a condition precedent to granting the relief sought, the court can amply provide for that in its decree. Nor, in our opinion, is there any force in the suggestion that Cannon could not have been guilty of fraud, because, as the successor in interest of McKusick, the lessor, he had a legal right to re-enter for the non-payment of rent. Some of the worst kinds of fraud are practised under the guise of legal forms; but courts have no difficulty in such cases in stripping off the mask and exposing the fraud underneath. If the purchase of the reversion in these premises by Cannon, and the default of Townshend in payment of rent, and Cannon's entry and assuming to declare the lease terminated, and then assuming to relet to Townshend, were all parts and parcels of a fraudulent conspiracy between the two to cheat plaintiff out of her mortgage, it will not avail them that they resorted to the terms of the lease in order to accomplish their purpose.

2. It is assumed by defendants, and does not seem to be disputed by plaintiff, that it stands admitted by the pleadings that this lease from McKusick was, at the date of the execution of plaintiff's mortgage, the copartnership property of the firm of Cahill, Townshend & Co., composed of the defendants, Cahill, Townshend, and Proctor, the premises having been purchased and being occupied and used for partnership purposes, and that plaintiff had notice of that fact when she took the mortgage from Proctor. From these facts, defendants claim that plaintiff took her mortgage on Proctor's interest, subject to the equities of the partnership, and hence is only entitled to Proctor's interest in the surplus after all the equities of the partnership have been fully adjusted; that this interest can only be ascertained by taking an accounting of the whole firm business. But they further claim that a mortgagee of one partner's interest cannot call for such an accounting, but must first proceed against his mortgagor alone, foreclose the mortgage, and sell his unascertained interest, and then, when he has transformed his lien into title, and not before,

he may demand an accounting, and that for this reason this action was, as to them, properly dismissed.

It would be sufficient answer to this position to suggest that, independently of the matter of accounting, this action would lie against Cannon and Townshend for the purpose of setting aside the alleged fraudulent forfeiture of the leasehold estate covered by the mortgage. In fact, as against Cannon, this is the only ground upon which he is a proper party to this action. But, with reference to another trial, it may be proper to consider the right of plaintiff to have an accounting, in this action, of the copartnership business, in order to ascertain what her mortgage in fact covers. It is unquestionably true, as urged by defendants, that real estate purchased by a partnership with firm funds for partnership purposes, and used and occupied as such, will be deemed firm property for all the purposes of the partnership, and is subject to all the rules applicable to such property, as between the partners themselves and all persons claiming through them, with notice of the facts, although the legal title stands in the names of the individual members of the firm as tenants in common. Also that a person with notice, who takes from one partner a mortgage upon his interest in such partnership property, takes subject to all the equities of the partnership, not only for the purpose of paying the debts of the firm to third parties, but also to members of the firm *inter sese*. The mortgage must yield to any use or disposition of the property which the firm may make of it for the purposes of the partnership, and, in this respect, there is no distinction between equities existing *at the time* and those arising *subsequently* to the execution of the mortgage. *Kelly* v. *Hutton*, L. R. 3 Ch. App. 703; *Cavander* v. *Bulteel*, L. R. 9 Ch. App. 79; *Lindsay* v. *Gibbs*, 3 De Gex & J. 690, 697; *Bank* v. *Fowle*, 4 Jones, Eq. (N. C.) 8; *Lovejoy* v. *Bowers*, 11 N. H. 404; *Mechanics' Bank* v. *Godwin*, 5 N. J. Eq. 334. Therefore, clearly, all that such mortgagee is entitled to is his mortgagor's interest or share in what remains after all the equities of the copartnership are fully adjusted. The amount of this interest can only be determined by a full accounting of the business of the firm.

Defendants concede the right to such accounting to one who succeeds by purchase to the interest of one partner. Such right is abun-

dantly sustained by authority. 2 Lindley on Partnership, *946; 1 Collyer on Partnership, § 287; *Bank* v. *Carrollton Railroad*, 11 Wall. 624; *Miller* v. *Brigham*, 50 Cal. 615; *Barrett* v. *McKenzie*, 24 Minn. 20; *Benz* v. *Geissell*, Id. 169. Now, we can see no good reason why a mortgagee of such an interest should be compelled first to sell under his mortgage an unknown and undetermined interest, and then bring another action in order to ascertain whether he has something or nothing. If the purchaser at the foreclosure sale may have an accounting, why may not the mortgagee have it in the action to foreclose? There will be no contract relation between the defendants and such purchaser, any more than there is now between them and the plaintiff; it is no more onerous upon defendants to have the accounting now, than it would be in another action. There is good reason why this accounting, if necessary, should be had before sale, viz., to determine just what the mortgage covers, and what is to be sold. The policy of the law does not favor the sale of unknown and uncertain interests. A foreclosure sale before such an accounting would be a mere lottery, in which the purchaser may draw a valuable prize or a blank. Authorities on this precise point are meagre. See, however, *Bentley* v. *Bates*, 4 Younge & C. 182; 2 Lindley on Partnership, *946; 1 Collyer on Partnership, § 287. It might be remarked in this connection there is no allegation in the answers that there are any existing equities outstanding or unadjusted arising out of the copartnership business of Cahill, Townshend & Co., or that any accounting as to their business is necessary.

Our conclusion, therefore, is that the court erred in excluding the evidence offered by plaintiff, and dismissing the action. It may be that Sabin should have been made a party to the action in order to enable plaintiff to obtain all the relief she asks, but this would be no ground for the dismissal of the action as to the present defendants.

It is alleged in the answer, and substantially admitted in the reply, that in August, 1875, the firm of Cahill, Townshend & Co. was dissolved by the withdrawal of Cahill, who sold his interest in the property and business to Townshend, and thereupon the two remaining partners, Townshend and Proctor, formed a new partnership, and continued to carry on the business, and occupy and use the property

as before, until January, 1880, when this partnership was dissolved by the withdrawal of Proctor. Defendants suggest that, under this state of facts, plaintiff's mortgage is also subject to the equities of the partnership of Townshend and Proctor. We do not feel inclined, or even warranted, to pass upon this question at this time. The question was never reached, and hence never considered or passed upon by the court below. It may never arise or become material upon the trial of the case. Neither are we satisfied that we have now before us all the facts material to the determination of the question, and which may be made to appear upon another trial. Further, the point is not very fully argued by counsel, and we are referred to no authority directly in point on the question. For these reasons we must decline to consider it at this time.

Order reversed, and a new trial granted.