WILLIAM A. CHEEVER *vs.* PARKER L. CONVERSE, Administrator, and others.

May 11, 1886.

**Equity—Action to Enforce Trust—Grantee of Trustee may Plead Adverse Title.**—Plaintiff alleged that a certain conveyance by him to one R. was merely in trust for certain purposes, and that the trust had been fully performed and terminated, and asked that the title of the property be adjudged in him. *Held,* that defendants, assigns of R., had a right to set up any other title, from any source, which they had to the property, and to ask, as affirmative relief, that they be adjudged the owners; and that they were not limited to asserting a claim of title under the deed from plaintiff to R.

**Will—Power to Sell Land—Adm'r with Will Annexed.**—The will of R. *held* to give his executors (and hence, under the statute, his administrator with the will annexed) power to sell and convey real estate.

On March 31, 1860, the plaintiff conveyed, by warranty deed, to one Samuel S. Richardson, certain lands lying in Hennepin county, and on the same day the plaintiff and Richardson made an instrument in writing, in the nature of a defeasance; stating certain terms and conditions upon which the lands were to be held and disposed of by Richardson, who was to account for the proceeds to the plaintiff. Both the deed and the defeasance were recorded on April 20, 1860, in the office of the register of deeds for Hennepin county. The deed was properly executed and acknowledged and entitled to record; but the defeasance, owing to a defective acknowledgment, was not entitled to record. The plaintiff brought this action, in 1875, in the district court for Hennepin county, alleging in his complaint that the trust created by the deed and defeasance had been fully performed and terminated, and asking that the title to the property be adjudged

to be in him. The action was brought against defendant Converse, as administrator of the estate of Richardson, who died prior to 1869, and also against certain other defendants claiming an interest in the lands by virtue of a conveyance from the widow and heirs of Richardson. The action was tried, in 1878, by *Vanderburgh*, J., who, in addition to the above facts, found that one Ovid Pinney (not a party to the action) claimed title under certain mortgages, sales under judgments and tax sales, and it was therefore ordered that the cause should "stand over, to the end that Ovid Pinney be made a party therein." Thereafter, and on August 1, 1884, (Ovid Pinney having died on November 4, 1878,) the defendants George M. Hunt and others, claiming title under Ovid Pinney, applied to the court for leave to answer the complaint. Such leave being granted, the defendants Hunt and others answered, alleging title in themselves, and the issues thus made were tried by *Lochren*, J. In addition to the facts above stated, the court found that at the time of the conveyance by plaintiff to Richardson, the lands were subject to a mortgage, which was duly foreclosed, Pinney becoming the purchaser at the foreclosure sale and thereby acquiring title to the land. The court also found that Pinney had also acquired title by sales under judgments recovered against the plaintiff, in June and October, 1878. It also appeared that Pinney had acquired tax titles, as to portions of the land, in 1875 and 1876. Pinney died testate, and by his will his executors were empowered to sell and convey his real estate. The executors did not qualify or accept the trust set forth in the will, and one Winthrop Young was duly appointed as administrator with the will annexed, and the defendants Hunt and others have acquired title by conveyance from Young, as administrator, made under the power contained in the will. The portion of the will empowering the executors to sell (and the administrator had no other authority to make a conveyance) was as follows:

"*Eighth.* It is my will and wish, and I hereby order and direct, that all the rest, residue and remainder of my estate which I may own at my decease, both real and personal and mixed, including debts due and to become due, certificates of stock, and all goods and chattels of what nature or kind soever, shall by my executors hereinafter

named be collected, or sold and disposed of, as soon after my decease as may be convenient and expedient, and the proceeds thereof shall by them be invested in bonds of the United States, bearing interest, payable in gold, and kept thus invested until the year A. D. 1892."

"And the income of interest thereof, or so much as may be necessary, shall be used by them in paying the several legacies hereinbefore provided to be paid, and the remainder thereof shall in like manner be invested in bonds bearing interest in gold, and kept thus invested until the said year A. D. 1892; and from and immediately after the beginning of said year A. D. 1892, I give, devise, and bequeath all my estate then remaining as follows, to wit: Unto the said Ovid P. Buel one-half thereof; unto Ida May Buel one-fourth thereof; unto Catharine Hunt one-eighth thereof; unto the said Harriet Hunt one-eighth thereof."

Upon these facts the court directed judgment in favor of the intervening defendants. Plaintiff appeals from the judgment.

*D. A. Secombe,* for appellant, cited *Banning* v. *Bradford,* 21 Minn. 308.

*Gilfillan, Belden & Willard,* and *J. Guilford,* for respondents.

MITCHELL, J. Appellant's contention is that this was an action "to foreclose the equities of the trust deed" from him to Richardson, and that respondents could not assert or litigate in this action any claim of title to the property in controversy other than one under or through that deed, and that, therefore, the court erred in the admission of evidence of title in respondents through other sources, such as the mortgage executed by appellant, or judgments rendered against him, or sales for taxes. We are unable to concur in this view of the case. It is in no sense analogous to a suit to foreclose a mortgage, and hence *Banning* v. *Bradford,* 21 Minn. 308, is not in point. While the grounds on which appellant claimed title were that the deed to Richardson was merely in trust, and that the trust had been fully performed and terminated, yet the object of the action, and the relief sought, was that the title to the lands be adjudged in him. The answer of respondents alleged title, ownership, and possession in themselves as the assigns of Pinney, not merely under the deed from the Richardson heirs to Pinney, but also under various other deeds, from

other sources, executed to Pinney; and they asked, as affirmative relief, that the title be adjudged in them. The action was therefore one to determine the title, and we think the respondents·had the right to allege and prove any title, from any source, which they had to the property. The parties being before the court, and their respective claims of title sufficiently pleaded, there was no reason why the whole question should not be fully litigated and finally determined in this action.

2. We think the will of Ovid Pinney gave his executors power to sell and convey real estate; hence the administrator with the will annexed had the same power. Gen. St. 1878, c. 50, § 8. Consequently there was no error in the admission of the deed of Winthrop Young, administrator with the will annexed.

Judgment affirmed.