P. A. FOSTER *vs.* JAMES C. JOHNSON, impleaded, etc.

August 20, 1890.

**Foreclosure against Second Mortgagee not a Party to former Foreclosure—Limitation.**—Where in proceedings to foreclose a mortgage by action a second mortgagee is not made a party, a subsequent action may be brought to bar his equity, subject to his right of redemption; and, if such subsequent incumbrancer is a non-resident absentee, the statute of limitations will be suspended as to him.

**Foreclosure—Prior Mortgagee, when a Proper Party.**—Strictly a prior mortgagee is not a proper party to a foreclosure suit by a subsequent mortgagee, but he may be made a party if there is a dispute in respect to their relative rights which may be settled in such suit, and the proper decree entered for a foreclosure sale or redemption, as the nature of the case may require.

After the decision of a former appeal (39 Minn. 378) from an order overruling the separate demurrer of defendant Johnson, (impleaded with Seth Trowbridge and wife and others,) Johnson answered

the complaint; and the action was tried in the district court for Watonwan county, before *Severance*, J., who found the amount due on plaintiff's mortgage to be $6,229, and ordered judgment for a sale of the premises to satisfy the mortgage debt, and barring all right of redemption of defendants, except the statutory right of redemption from the sale. A new trial was refused, and defendant Johnson appealed.

*J. W. Seager* and *Daniel Rohrer*, for appellant.

*P. A. Foster*, respondent, *pro se.*

VANDERBURGH, J. The defendant Trowbridge, being the owner of the premises in controversy, executed a mortgage to secure the sum of $1,200 and interest, bearing date March 19, 1869, and due March 19, 1870, running to one McConnell as mortgagee; and on December 26, 1871, he also executed a second mortgage thereon to Blake & Elliott, which matured January 1, 1874. The last-mentioned mortgage was assigned to plaintiff in July, 1886. Neither mortgage was ever paid or discharged. McConnell, the mortgagee named in the first mortgage, having died, the defendant Johnson, his administrator, commenced an action to foreclose the same, in which the mortgagor, Trowbridge, was made a party, but Blake & Elliott, junior mortgagees, were not joined as parties. The mortgaged premises were thereafter duly sold, under the judgment in that action, on the 6th day of March, 1877, by the sheriff to the defendant Johnson, and the sale was long afterwards, viz., October 2, 1886, duly confirmed; and after the time of redemption had expired a final decree was duly entered, adjudging the title of the premises to be in defendant Johnson free and clear of all equity of redemption. This action is brought by the plaintiff against the mortgagor and the defendant Johnson and the heirs of McConnell, to foreclose the second mortgage. Johnson alone answers, and as between the plaintiff and him the substance of the litigation is to determine the relative legal rights of each under their respective mortgages. Blake & Elliott had constructive notice of the first mortgage when their mortgage was executed, and plaintiff had actual notice of the foreclosure proceedings when he purchased the second mortgage. This action was commenced in November, 1887.

Strictly, a prior mortgagee is not a proper party to an action by a junior mortgagee to foreclose his mortgage, because the proper object of the action is to bar the equities of the mortgagor and rights accruing subsequent to the mortgage. *Emigrant, etc., Bank* v. *Goldman,* 75 N. Y. 127; *Strobe* v. *Downer,* 13 Wis. 10, (80 Am. Dec. 709, 714, and note.) But prior lienors may consent to become parties to such an action, or may be made such, where the object is to ascertain the extent of their claims, and to have the premises sold subject thereto, or absolutely to create a fund out of which the several incumbrances shall be paid in their order; but such purpose or object should clearly appear from the complaint. 80 Am. Dec. 716, note. But in this case, as the title of the mortgagor has passed to the defendant Johnson, and he and the plaintiff are the real parties in interest, (and no others have appeared,) it was proper and material to have their rights under their respective mortgages as against each other determined and settled by the judgment in this action. *Churchill* v. *Proctor,* 31 Minn. 129, (16 N. W. Rep. 694.) With this view, the facts in the case have accordingly been found and passed upon by the trial court, and appropriate relief may be given to either party entitled to it. As respects the interest of the defendant Johnson in the land as disclosed by the record, he has acquired the legal title to the premises, subject only to the right of the holder of the second mortgage to redeem. *Martin* v. *Fridley,* 23 Minn. 13. His title related back to the date of his mortgage; but since before the foreclosure the second mortgage had become a lien, and the holders were not made parties, their right of redemption was not cut off, and this priority of defendant's title would not be lost through the foreclosure of the second mortgage. Such foreclosure, to be effectual as against defendant Johnson, must be through a redemption of the property, for, if the equity of redemption be formally sold, such sale must be followed by such redemption; and, if there is a dispute as to the right or terms of redemption, the aid of the court must be invoked to settle it. And relief requiring the plaintiff to redeem within a stated time or be barred is equivalent to a decree of strict foreclosure in favor of the defendant. *Salmon* v. *Allen,* 11 Hun, 29; *Hudnit* v. *Nash,* 16 N. J. Eq. 550, 559; *Benedict* v.*Gilman,* 4 Paige, 58; *Brainard* v. *Cooper,* 10 N. Y. 356, 362.

The plaintiff's contention is that through lapse of time the defendant has lost his right to compel the plaintiff to redeem or be barred—that is, to foreclose the equity of redemption of the second mortgagees. And on the other hand, for the same reason, the defendant claims that the plaintiff has lost his right to foreclose or redeem. Without stopping to consider or determine the question whether where, as in this case, the first mortgage has been paid by foreclosure, and there has been a merger of the fee with the mortgage interest by reason thereof, the purchaser is obliged to bring an action to bar the equity of the second mortgagee within the statutory time for foreclosing the first, in order to preserve his priority of title and claim, it is clear from the findings in this case that the defendant's right to foreclose as to the second mortgagees is not outlawed. Plaintiff's contention is that the first mortgage, though foreclosed in respect to the mortgagors, remained unforeclosed as to the second mortgage; and hence, if not so foreclosed within the life of the first mortgage, the purchaser at the first mortgage sale would lose his priority, and be obliged to redeem from the second mortgagee or lose the land. While for obvious reasons the proper practice in a foreclosure suit is to bring in as parties all subsequent lienholders, yet if the plaintiff fails to do so he may afterwards bring a separate and independent suit to foreclose the equity of redemption of any subsequent incumbrancer. 2 Jones, Mortg. §§ 1394, 1395. And if such incumbrancer is a non-resident absentee, the statute of limitations will be suspended as in other cases. *Whalley* v. *Eldridge,* 24 Minn. 358; *Town* v. *Washburn,* 14 Minn. 199, (268.) In this case, when the judgment for the foreclosure of the first mortgage in 1877 was entered, as well as at all times before and since, from the date of the second mortgage until its purchase by plaintiff in 1886, the holders of that mortgage were non-residents. The rights of the defendant have not, then, been barred, and the plaintiff's rights are therefore subordinated to those of the defendant; and, upon like grounds, the plaintiff has a subsisting right to redeem. When this suit was brought the defendant Johnson, the only necessary party, was, as he had always been, a non-resident, so that the action may properly be maintained.

In case the entire estate in the land free from incumbrances is ordered to be sold, the decree should direct that the amount of defendant's mortgage, with interest and taxes, (not including, however, the costs of the first foreclosure,) to be fixed by the court, should first be paid out of the proceeds. Otherwise the plaintiff should be directed to redeem within one year by paying the amount found due defendant, with interest, or be barred of his equity. If the defendant desires to retain the land and perfect his title thereto, he may of course pay off the second mortgage, or redeem the premises therefrom, (which right should, if defendant desires, be reserved in the decree,) within a time specified.

The order denying a new trial is affirmed, but the case will be remanded, with directions to modify the order for judgment in accordance with this opinion.