[No. 2306.]

TINSLEY v. THE ATLANTIC MINES COMPANY.

**Mortgages—Foreclosure—Parties—Tax Titles.**

In an action to foreclose a mortgage, one claiming an adverse paramount title under a tax deed to the mortgaged premises, cannot be made a party and compelled to litigate his title without his consent.

*Appeal from the District Court of Gilpin County.*

Mr. F. J. MOTT, for appellant.

Mr. W. H. DAVIS, for appellee.

GUNTER, J.

Appellant sued to foreclose a mortgage upon certain real estate, made appellee one of defendants to the action, and in his complaint therein *inter alia* alleged:

"And the aforesaid defendants, and The Atlantic Mines Company, a corporation, have, or claim to have, some interest or claim upon said property, or some part thereof, which interests or claims are subsequent and subject to the lien of plaintiff's mortgage."

This is the only allegation of the complaint of

any claim of appellee to the realty covered by the mortgage, and the only allegation therein showing any reason for making it a party defendant.

Appellee answered separately, alleging that it owned certain of said real estate by virtue of a tax deed made August 29, 1893, based on a tax sale made July 11, 1890, for the delinquent taxes for 1889, concluding its answer with the prayer, ''Wherefore, this defendant asks to go hence without day.'' As appears from the complaint, the date of appellant's mortgage was November, 1889.

The replication denies a tax sale at any time of said real estate, or that appellee has any interest therein under a tax deed. It attacks the validity of the alleged tax deed on account of certain infirmities in the procedure leading up to the tax deed, and because said real estate was not subject to taxation for the year 1889.

It is not charged in the complaint or replication that the tax title of appellee was acquired by any fraud or collusion between it and the mortgagor, nor that the mortgagor has any interest whatever in the tax deed. The title of appellee claimed through its tax deed is independent, adverse and paramount to the title of the mortgagor and the mortgagee. The alleged interest of appellee under the tax deed is not derived from nor connected with the estate mortgaged, but is hostile to the claim of the mortgagor and mortgagee.

The effect of the answer of appellee was to disclaim that it had or claimed to have any interest subsequent and subject to the lien of appellant's mortgage (*Roberts v. Wood,* 38 Wis. 68), and to aver that it had an interest paramount to the interest of the mortgagor and mortgagee not derived from nor connected with the estate mortgaged. Its title to the property was deraigned through the tax procedure

prescribed by our statute, which is a proceeding *in rem*.

"A lien for taxes does not stand on the footing of an ordinary incumbrance, and is not displaced by a sale under a pre-existing judgment or decree unless otherwise directed by statute. It attaches to the *res* without regard to individual ownership, and when it is enforced by sale pursuant to statute, the purchaser takes a valid and unimpeachable title."—*Osterburg v. Union Trust Co.*, 93 U. S. 428.

"It may therefore be laid down as a rule that, when a tax is laid upon land as such, irrespective of separate estates, liens, or interests, and is collected by a valid tax sale, the purchaser will take a clean title liberated from the lien of a prior mortgagee." —Black on Tax Titles (2d ed.), § 425.

"A tax title, from its very nature, has nothing to do with the previous chain of title; does not in any way connect itself with it. It is a breaking up of all previous titles. The party holding such titles, in proving it, goes no further than his tax deed; the former title can be of no service to him, nor can it prejudice him.

"It was well said by counsel in argument on this point, that a tax sale operated on the property, not the title. In an ordinary case, it matters not how many different interests may be connected with the title, what may be the particular interest of the party in whose name the property may be listed for taxation; it may be a mere equitable right; if the land be regularly sold for taxes, the property, accompanied with a legal title, goes to the purchaser, no matter how many estates, legal or equitable, may be connected with it."—*Gwynne v. Niswanger*, 20 Ohio 564; *Lebanon M. Co. v. Rogers*, 8 Colo. 34, 39.

Upon the ground that its rights in the mortgaged premises as pleaded in its answer could not be deter-

mined in this action without its consent, appellee moved for an order of dismissal as to it. The order was made, and for its review the case is here.

The case presents but one question for determination; that is, whether the alleged paramount title of appellee against its timely objection made in the trial court could be litigated in this action. If it could not be, the ruling of the trial court dismissing the action as to appellee on its motion should be affirmed.

In *Wells v. Francis,* 7 Colo. 396, 415, 4 Pac. 49, the court, among other questions, was considering whether certain parties who claimed by title paramount to vendor and vendee were necessary parties to the proceeding to establish a vendor's lien. In holding that they were not, the court said:

"The action of appellant against Francis for a vendor's lien was analogous to the proceedings for foreclosure of a mortgage.

"The equitable doctrine may be considered thoroughly established, that the only necessary parties to the latter action are the mortgagor, mortgagee and persons who have acquired rights or interests through them in the mortgaged premises; sometimes, also, prior incumbrances may be brought in for the purpose of liquidating their demands. But a person claiming adversely to the title mortgaged has no interest in the mortgage, cannot be affected thereby, and should not be made a party to the foreclosure suit. The rights of such a person cannot, except by *consent,* be litigated and settled in such proceeding. And a bill which undertakes to accomplish this object is bad on demurrer for misjoinder and multifariousness."

As is seen from the excerpt, the reason upon which the ruling is made is, that the party holding the paramount title has no interest in the mortgage, and cannot be affected by the foreclosure proceeding.

The authorities cited in support of the decision are:—*Dial v. Reynolds,* 6 Otto 340; *Croghan v. Minor,* 53 Cal. 15; *Banning v. Bradford,* 21 Minn. 308; *Chamberlain v. Lyell,* 3 Mich. 448, 459; *Roberts v. Wood,* 38 Wis. 68.

*Dial v. Reynolds* was an action to foreclose a trust deed, to quiet the title of the trustee, to remove the cloud cast upon it by one Reynolds, and to enjoin him from further prosecuting a certain action of ejectment. It was sought in the action to litigate the title of Reynolds which he claimed to be paramount to that of the trustor and trustee. The trial court sustained a demurrer by Reynolds for misjoinder and multifariousness, and dismissed the action. On appeal the judgment below was affirmed, the court *inter alia* saying:

"It is well settled that in a foreclosure proceeding the complainant cannot make a person who claims adversely to both the mortgagor and mortgagee a party, and litigate and settle his rights in that case. —Barbour, Parties in Equity, 493, and the cases there cited.

"This case was one of fatal misjoinder and multifariousness, and the proper course for Reynolds was to demur.—Story Eq. Pl., sec. 284b."—*Peters v. Bowman,* 98 U. S. 56; *Chapin v. Walker,* 2 McCrary 175; *Farmers' L. & T. Co. v. San Diego St. Car Co.,* 40 Fed. 105.

*Croghan v. Minor* was an action to foreclose a mortgage, and a defendant who claimed an interest in the mortgaged realty not derived from nor connected with the estate mortgaged but hostile to the claim of the mortgagor and mortgagee was impleaded. Judgment below went against the mortgagor and this defendant. On appeal the court said the action should have been dismissed as to this defendant, and reversed the case with instructions to

enter an order to such effect. *Inter alia* the court said: "It is manifest that those claiming either legal or equitable estates adversely to that of the mortgagor are not proper parties to such proceeding, as they have no interest in the subject-matter of the action," and, as one authority for the ruling, cited *San Francisco v. Lawton,* 18 Cal. 65.

*San Francisco v. Lawton* (the opinion in which was written by Justice Stephen J. Field) was a suit to foreclose a mortgage, and it appeared in the course of the action that certain of the parties defendant claimed title under a patent from the Mexican government and a tax deed. The court said:

"Adverse titles to the premises held by parties claiming by mortgage from the mortgagor prior to the mortgage or from third parties prior or subsequent to the mortgage, are not subjects for determination in this suit," and, speaking specially of the title claimed by the tax deed and patent, said: "Their validity is not the proper subject for determination in the present suit. * * * If there were no other reasons than the assertion of these adverse titles for making them parties, the suit should have been dismissed as to them."

The Supreme Court of California has adhered to the doctrine as announced in *Croghan v. Minor,* and has cited the case with approval in *Ord v. Bartlett,* 83 Cal. 428; *Cody v. Bean,* 93 Cal. 578; *Sickler v. Lock,* 93 Cal. 608, and *Murray v. Etchepare,* 129 Cal. 318, 319.

In *Banning v. Bradford,* an action to foreclose a mortgage, the complaint alleged as to defendants other than the mortgagor, that they "claim some estate or interest in said mortgaged premises accruing subsequent to the lien of said mortgage." One of these defendants set up a paramount title and had a decree establishing such title. On appeal the case

was reversed. The court, in the course of the opinion, said:

"Such adverse claimant is a stranger to the mortgage and to the mortgaged estate, he has no interest in the subject-matter of the action, there is no privity between him and the plaintiff, and the plaintiff has no right to make him a party defendant for the purpose of trying his adverse title in the foreclosure suit. * * * But the title set up by the respondents in their answer (the nature of which appears in the undisputed facts found by the court), being wholly adverse to that of the mortgagor, the appellant, when apprised that the respondents claimed nothing under the mortgage, that they had no interest in or lien upon the equity of redemption, and that, therefore, no action to foreclose such equity of redemption would lie against them, should have dismissed the action as to them."

*Banning v. Bradford* has been cited with approval in:—*Churchill v. Proctor*, 31 Minn. 129; *Walton v. Perkins*, 33 Minn. 357; *Chevier v. Converse*, 35 Minn. 179, 181; *Wilson v. Jamieson*, 36 Minn. 59, 61.

*Chamberlain v. Lyell* was an action to foreclose a mortgage. Lyell, who claimed the mortgaged premises by title paramount, was made one of the parties defendant, and it was sought by allegations in the complaint to attack his title. He insisted that he had no interest in the subject of the action, as he claimed the mortgaged premises by title paramount, and asked that the action be dismissed as to him. This the trial court denied, and proceeded to try the action as to him. The plaintiff had judgment annulling Lyell's interest. The judgment was reversed, the court saying *inter alia*:

"So far as the mere legal rights are concerned, upon a bill of foreclosure, the only proper parties to

the suit are the mortgagor and mortgagee, and those who have acquired rights or interest under them, subsequently to the mortgage; and the mortgagee has no right to make one who claims adversely to the title of the mortgagor, a party defendant, for the purpose of trying the validity of his adverse claim of title in this court.''

Cited with approval in *Summers v. Bromley,* 28 Mich. 125; *Ligare v. Semple,* 32 Mich. 439, 445.

In *Roberts v. Wood,* an action to foreclose a mortgage, Norton was made defendant, and answered, setting up title in himself subsequent to the mortgage, but paramount thereto under a tax deed. The lower court dismissed the action as to him, and, in affirming its action in this respect, the appellate court said:

''The defendant, Norton, claimed under a title which, if valid, was paramount to the mortgage interest, although subsequent thereto in time. It is well settled that the validity of his title cannot properly be litigated in this action.  *  *  *  It was said by Mr. Justice Paine, in *Pelton v. Farmin,* that 'if the party alleged to claim some interest subsequent and subject to the mortgage, claims none, he should disclaim, and the suit should be dismissed as to him.'

''Adverse claimants cannot be made parties to a foreclosure suit for the purpose of litigating their titles. The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them subsequently to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. His interest can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit.'' —Jones on Mortgages (5th ed.), Vol. 2, § 1440.

"It is not proper in a foreclosure suit to try a claim of title paramount to that of the mortgagor. The only proper object of the suit is to bar the mortgagor and those claiming under him."—*Id.,* § 1445.

See, also, Pom. Rem. and Remedial Rights, § 345; Maxwell on Code Pleading, p. 54.

"It is almost the universal rule that questions of title cannot be litigated in the ordinary foreclosure suit, and hence that those claiming titles adverse or paramount to the mortgagor should not be made parties."—Ency. of Pl. and Pr., Vol. 9, p. 353.

The doctrine that the question of paramount title cannot be litigated in a foreclosure suit has been applied in cases where the paramount title is through a tax deed issued subsequent to the giving of the mortgage sought to be foreclosed.—*San Francisco v. Lawton; Roberts v. Wood; Pelton v. Farmin,* 18 Wis. 234; *Gage v. Perry,* 93 Ill. 176, 179; *Bogarth v. Landers,* 113 Ill. 181, 185; *Whittemore v. Shield et al.,* 14 Brad. (Ill. App.) 414.

One claiming under a tax deed as a paramount title is not a proper party to a proceeding for the foreclosure of a mortgage.—See Jones on Mortgages, Vol. 2, §§ 1440, 1445.

As we understand the authorities, they are that one who claims a title paramount to that of the mortgagor and mortgagee to the real estate covered by the mortgage, whether such title be by tax deed or otherwise, cannot be made a party defendant to the action to foreclose, and his paramount title therein be litigated without his consent. He has no interest in the subject of the action, therefore is not a proper party thereto. The question before us is not whether a party who has voluntarily pleaded, and voluntarily litigated, his paramount title in a foreclosure suit, would be bound by the judgment rendered therein. There is high authority that the parties would be

concluded by such action as to all the rights litigated. The question here is, whether this appellee could be compelled, against its consent, to litigate in this action its alleged paramount title to the mortgaged premises. After an exhaustive investigation of the question, aided by elaborate briefs of counsel, we are satisfied that appellee under such conditions could not be compelled to litigate its title, and that the trial court was right in dismissing upon its application the action as to it.

We will now consider cases cited by counsel as *contra* the conclusion we have reached.

*Mendenhall v. Hall,* 134 U. S. 559, was an action to foreclose a mortgage, and in the complaint it was charged that the mortgagor by collusion with his brother, one Hall, had permitted the mortgaged realty to go to sale for delinquent taxes and be purchased by Hall for the use and benefit of the mortgagor with the purpose of defeating the mortgage. This attack upon the tax deed was a part of the relief sought in the complaint. The tax title thus sought to be attacked was not independent, adverse and paramount, but subject to the mortgage, and properly a matter of investigation in the suit to foreclose the mortgage. The tax title there attacked was, in effect, one acquired by the mortgagor subsequent to the mortgage with the intent to defeat it.

In *Hefner v. N. W. Mutual Life Ins. Co.,* 123 U. S. 747, the facts were these: In an action to foreclose a mortgage, the mortgagor and one Callanan were made defendants. By apt allegations in the complaint any claim of Callanan to the mortgaged property was submitted for adjudication. Callanan at the time held a tax deed upon the mortgaged premises. Although served with process, he failed to appear to the action. A decree was entered adjudging *inter alia* that Callanan had no claim or

interest whatever in the mortgaged premises. Plaintiff, who deraigned title to the mortgaged premises through this decree, brought ejectment against certain defendants claiming title through Callanan. It was contended by the defendants that the decree in the foreclosure suit could not and did not adjudicate the rights of Callanan held under the tax deed, because the title then so held by him was independent, adverse and paramount to the title held by the mortgagor and mortgagee. This was a collateral attack upon the decree in the foreclosure suit. The court held that the complaint in the foreclosure suit, by apt allegations, made the claims of Callanan under the tax deed, issues in the case; that the court had jurisdiction to determine the issues so presented; that, by Callanan failing to object on the ground of multifariousness to his being made a party, he waived such objection, and the decree was binding upon him in any collateral attack thereon.

The case differs from the one we are considering in two particulars. In the case before us, the complaint contained no allegations attacking the tax title of appellee. Further, appellee objected in apt time to being made a party to the action. The court does not say that if Callanan had objected it could have compelled him to litigate his adverse title.

Illinois, where a tax title independent, adverse and paramount to that of the mortgagor and mortgagee cannot be investigated against the will of the claimant in a suit to foreclose the mortgage, holds that a title under a tax deed procured by collusion between the mortgagor and its holder for the purpose of defeating the mortgage, being for the use and benefit of the mortgagor, is subject to the mortgage and is a proper matter for investigation in a suit to foreclose the mortgage. This, because such title acquired by collusion between the mortgagor and tax purchaser

subsequent to the giving of the mortgage with intent to defeat the mortgage, is subject to the mortgage and is not independent, paramount and adverse to the estate of the mortgagor and mortgagee. The interest acquired by such tax deed is operated on by the mortgage, just as an estate in the mortgaged premises acquired by the mortgagor after the giving of the mortgage. The complaint in such case attacks the tax title as subject and subsequent to the mortgage. *Churchill v. Proctor,* 31 Minn. 129; *Cummings v. Freer,* 26 Mich. 128; *Wilkinson v. Green,* 24 Mich. 221, and *Mendenhall v. Hall,* belong to this class of cases.

In *Kelsey v. Abbott,* 13 California 609, 616, the adverse tax title was litigated under issues tendered by the pleadings and by consent of the parties.

In *Railroad v. Willard,* 61 Vermont 134, 17 Atlantic Rep. 38, the effect of a foreclosure decree arose in a collateral proceeding as to an adverse title that might have been litigated in the foreclosure proceeding. The question of the title was within the issues of the foreclosure proceeding. The court in effect held, as the question of such title might have been under the pleadings and by consent of the parties litigated in the foreclosure proceeding, the presumption would be that it had been adjudicated therein, and cites *Wilson v. Jamieson,* 36 Minn. 59. The latter case holds that, in a proceeding to foreclose a mortgage, a tax title may, if the question is within the issues, be litigated by consent of the parties.

*Railroad Company v. Willard* belongs to the same class of cases as *Hefner v. N. W. Insurance Company.*

*Middletown Savings Bank v. Bacharach,* 46 Conn. 513, 522, falls within the same class of cases as *Mendenhall v. Hall; Cummings v. Freer; Wilkinson v. Green; R. R. Company v. Willard,* and *Chur-*

*chill v. Proctor.* In each of these cases, the interest claimed to be held by the third party was, according to the pleadings, not independent or paramount to that of the mortgagor, but subject to the interest acquired by the mortgagee from the mortgagor.

*Randall v. Boyd,* 73 Alabama, was an action to foreclose a mortgage, wherein the holder of a tax title by tax deed issued subsequent to the giving of the mortgage, was made party defendant, and the legality of the tax title adjudicated. The holders of the tax title demurred for multifariousness, contending that the lower court had no right to adjudicate the validity of their claim under the tax deed. The demurrer was sustained, and the action dismissed as to them. The case was reversed, the appellate court ruling that the holders of the title under the tax deed were proper parties to the action. The case quoted approvingly *Manning v. Bradford; Dial v. Reynolds; Chamberlain v. Lyell;* 2 Jones on Mortgages, section 1440, and the following from such section in Jones on Mortgages:

"The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them subsequently to the mortgage. An adverse claimant is a stranger to the mortgage and the estate. His interests can in no way be affected by the suit, and he has no interest in it. There being no privity between him and the mortgagee, the latter cannot make him a party defendant for the purpose of trying his adverse claim in the foreclosure suit."

The general principle is thus recognized, but the court concludes it inapplicable in the case before it, as we understand the case, for two reasons. Because the holder of the tax deed has a certain interest under the statutes of Alabama in the equity of redemption. This reason, under our statutes, would not apply, because the holder of the title under the tax deed has

no interest in the equity of redemption of the mortgagor; but, if his tax deed be valid, has an interest independent, adverse and paramount to any interest of the mortgagor. The second reason assigned by the court for permitting the tax title to be litigated was, to avoid a multiplicity of suits. This reason, under the authorities as we understand them, is not a sufficient one for departing the general rule. If it were sufficient to justify litigating an adverse tax title, it would seem to be sufficient for litigating any other adverse title in the foreclosure suit.

The foregoing are the principal cases cited by counsel for appellant.

To sum up, this action was one of simple foreclosure, appellee being made a defendant under the allegation that it held an interest subsequent and subject to the mortgage. It disclaimed such interest by the allegation that it claimed the mortgaged premises under a paramount title—that is, a tax deed— and objected to litigating such title under the foreclosure suit. The objection was sustained by the court dismissing the action as to it.

We think the ruling of the court right, that appellee, under the facts, could not be compelled, against its objection, to litigate herein the title claimed by it under its tax deed.

Judgment affirmed.           *Affirmed.*