JAMES W. GREEN, Respondent, *v.* EDWARD MUSSEY and Others, Defendants.

JOHN A. CARNDUFF, Appellant.

*Mortgage foreclosure — where the owner of the equity of redemption is not served, the sale transfers the mortgage to the purchaser — in such a case, after the sale, the original mortgagee cannot make a motion to make the owner a party to the action.*

A purchaser of real property under a judgment foreclosing a mortgage thereon, entered in an action in which the owner of the equity of redemption was not served with the summons, acquires all of the rights of the mortgagee in the premises and may bring a new action to foreclose the mortgage.

The mortgagee's interest having been divested by the sale, he has no standing, in the event of the entry of an order vacating the judgment of foreclosure as to the owner of the equity of redemption, to make a motion to have the successor in interest of the owner of the equity of redemption made a party to the foreclosure action.

APPEAL by John A. Carnduff from an order of the Supreme Court, made at the Fulton Special Term and entered in the office of the clerk of the county of Fulton on the 16th day of July, 1902, making him a party defendant to the action and authorizing the plaintiff to file and serve a supplemental summons and complaint in the action.

In an action in 1895, in which this appellant's father was named as a party defendant, a judgment was entered foreclosing a mortgage upon land owned by John Carnduff, appellant's father, and directing a sale of said land. Thereafter, and on the 3d day of April, 1895,

a sale was had, and Abram Mussey became the purchaser upon such sale for the sum of $100, which was paid, and a referee's deed to the said Abram Mussey was executed and filed in the clerk's office of Fulton county. In September, 1895, the said judgment of foreclosure was vacated and set aside as to John Carnduff upon the ground that the summons in the action had not been served upon him. In the order setting aside the judgment as to said Carnduff it is provided that the said judgment was " to remain as to the other defendants, and with leave to plaintiff to proceed herein as he may be advised." Upon the 23d day of November, 1895, the said John Carnduff conveyed the said lands to the appellant, and upon October 19, 1901, John Carnduff died. The plaintiff now makes this motion to have this appellant made a party to this action by supplemental summons. From the order granting his motion this appeal is taken.

*Philip Keck,* for the appellant.

*N. H. Anibal,* for the respondent.

SMITH, J.:

I am unable to find any answer to the appellant's contention that the sale in 1895 divested the plaintiff of all his interest in this mortgage. By section 1632 of the Code of Civil Procedure it is provided that a conveyance made upon a sale in foreclosure " is as valid as if it was executed by the mortgagor and mortgagee, and is an entire bar against each of them, and against each party to the action who was duly summoned, * * *." In *Townshend* v. *Thomson* (139 N. Y. 161) Judge EARL, writing for the court, says : " A purchaser at a mortgage foreclosure sale, defective and void as against the owner of the equity of redemption because he was not made a party to the foreclosure action, becomes assignee of the mortgage, and if he lawfully enters into possession of the real estate purchased he becomes a mortgagee in possession." In Thomas on Mortgages (2d ed. § 1027), in speaking of a sale after an irregular foreclosure, it is said : " The effect of the foreclosure and sale is to transfer to the purchaser the rights of the mortgagee in the land and so much of the equity of redemption as is owned by parties to the action." In *Georgia R. R. Co.* v. *Walker.* (61 Miss.

481) the head note reads : "The rights of the holder of an equity of redemption in mortgaged premises acquired before the filing of a bill to foreclose the mortgage and to which he is not a party, are not affected by the decree of foreclosure. * * *

" The purchaser at a sale under foreclosure proceedings acquires all the rights of the mortgagee in the land, including the legal title and may bring ejectment for the land or proceed anew to foreclose the mortgage."

It is hardly necessary to cite further authority to a proposition which I have nowhere found questioned. The sale then in 1895 to Mussey, although ineffective as against the rights of Carnduff, operated to transfer to Mussey the plaintiff's interest in the mortgage. Within the case of *Georgia R. R. Co.* v. *Walker* (*supra*) he can now bring an action to foreclose this mortgage. He has not even been made a party to this motion. Plaintiff no longer retains any interest which can authorize him to proceed in foreclosure. It is claimed by the respondent that the order setting aside the judgment as to Carnduff operated to set aside the sale as well. But this cannot be so. Abram Mussey, the purchaser upon that sale, has paid $100 for some interest in the mortgaged premises. The sale could not be set aside without reimbursing him. Nor has the court assumed to set the sale aside as to any interest save that of John Carnduff. The sale then stands as if John Carnduff had never been made a party to the action. The purchaser upon that sale alone can proceed.

The order must be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements.