PEARL J. BERNER et al., Plaintiffs, *v.* MARY KUZINSKI et al., Defendants.

Supreme Court, Special Term, Queens County, June 8, 1948.

*Harry B. Richard* for plaintiffs.

*Joseph V. McKee* and *John C. O'Malley* for Mary Kuzinski, defendant.

STODDART, J.  Action to foreclose a mortgage. The evidence reveals that in April, 1941, the plaintiffs and the Warwick Savings Bank held mortgages on premises owned by Stephen E. Donohue. After a default by Donohue in the payment of interest due upon the bond secured by a first mortgage, the Warwick Savings Bank commenced an action in July of 1941 to foreclose its mortgage. Through error, the plaintiffs, who owned a second mortgage, were not made parties to that action. The property was conveyed at the foreclosure sale in November, 1941, to the Warwick Savings Bank, and in February, 1942, that bank conveyed the premises to the defendants Kuzinski, who thereafter entered into, and are presently in, possession.

I am satisfied that neither the Warwick Savings Bank nor the Kuzinskis had actual knowledge of the plaintiffs' mortgage at the time of the foreclosure sale and the subsequent conveyances. However, as the plaintiffs have established that a payment upon their mortgage was made by Donohue on April 30, 1941, and as there is no evidence that the plaintiffs knew that a foreclosure action had been instituted by the prior mortgagee, the plaintiffs are entitled to a judgment of foreclosure and sale.

The discontinuance by Donohue of his regular monthly payments, and the lapse of almost six years before an action was brought, during which time property values have boomed may give rise to wonderment concerning the plaintiffs' knowledge and motives, but, standing alone, those facts are insufficient to support a finding that the plaintiffs, knowing that they were not named as parties, silently permitted the prior foreclosure action to continue to sale.

The law respecting the rights of holders of junior mortgages to foreclose is well stated in *Denton* v. *Ontario County Nat. Bank* (150 N. Y. 126) wherein it is written at pages 134–135, as follows:

" The question as to the right to that kind of relief, and the peculiar circumtances under which it can be granted, was recently discussed and passed upon by this court in a case similar in many respects to the one at bar. (*Moulton* v. *Cornish,* 138 N. Y. 133.) The general rule is there stated that the right to a judicial sale of the mortgaged premises to pay the debt secured is, in this state, one of the incidents of the mortgage contract, and, if the mortgagor is in default, the mortgagee is entitled to the enjoyment of this right unimpaired. This can only be secured to him by a sale in an action or proceeding to which he is a party. The holder of the mortgage cannot be deprived of the right without at the same time impairing the obligations of the contract and depreciating the security. While in this state the right, in special and exceptional cases, may be under the control of a court of equity, it cannot in any case be denied or suppressed, except in the presence of some adverse dominating equity which requires a departure from the general rule. It was said in the case referred to that in order to entitle a purchaser under a prior mortgage, or a mortgagee in possession under circumstances such as exist in this case, to relief by way of strict foreclosure, he must show that he purchased in good faith, relying on the regularity and sufficiency of the proceedings; that the subsequent lienor had knowledge of the sale

and permitted the purchaser to make the purchase and enter into possession without disclosing the existence of his incumbrance, or calling attention to the defect in the proceedings.

" This rule would seem to be founded on obvious principles of justice. Certainly, if the prior mortgagee purchased with knowledge of the existence of a junior incumbrance, not cut off by the proceedings, there is no reason why he should ask or be awarded a special and exceptional equitable remedy to relieve him from the position in which he has placed himself.

" When the holder of the junior mortgage, though not made a party in the action to foreclose a prior mortgage, yet has notice or knowledge of the suit or proceeding, but omits to give notice of his interest or to call attention in some way to the defect in the proceeding, and allows the senior incumbrancer to foreclose, purchase and go into possession under his mortgage, these facts would justify a court of equity, in the exercise of a sound discretion, in denying the right of sale to the holder of the junior mortgage as against the other party who was in fact ignorant of its existence. In such a case it can be said that the junior mortgagee has waived the right to exercise the power of sale or estopped himself from insisting upon it, and in equity should be required to redeem."

The right which a mortgagee may have to foreclose is not always accompanied by a right to the possession of the premises by the purchaser at the foreclosure sale. Should the premises be in the possession of a prior mortgagee or an assignee of a prior mortgage, before possession may be obtained, the lien of the prior mortgagee must be satisfied. (*Siegel* v. *Atterbury,* 254 App. Div. 514, affd. 279 N. Y. 767; *Townshend* v. *Thomson,* 139 N. Y. 152; *Green* v. *Mussey,* 76 App. Div. 174.) The defendants Kuzinski have acquired the interest of the Warwick Savings Bank and may not be disturbed in their possession until all sums due them have been paid.

The sum due the plaintiffs is $1,949.82 with interest at 6% from August 20, 1940, less the $60 paid on account from July 9, 1940, to April 30, 1941. Under the peculiar circumstances of this case, I do not believe costs should be allowed.

Accordingly, judgment will be granted in favor of the plaintiffs for a sale of the premises subject to the lien of the defendants Kuzinski and the right of the defendants Kuzinski to remain in possession of the premises until their lien has been paid.

Submit judgment.