## BELL and another vs. THE STATE.

*Criminal Law—Indictment—" Dwelling house"—Omission of negative words—Secs. 9 and 10, ch. 165, R. S.*

1.  In an indictment at the common law for burglary and larceny, and also in an indictment under secs. 9 and 10, ch. 165, R. S., the words "the dwelling house of A.," used to describe the building broken and entered, are a sufficient averment that such building was A.'s place of residence, and that he occupied it as such at the time laid.
2.  An indictment under section 9 of said chapter must charge that there was some person lawfully in the house at the time; but one under sec. 10 need not charge that fact; nor need it negative the being armed or arming with a dangerous weapon, or the making of an assault upon a person lawfully in the house, which are necessary to constitute the higher offense named in the previous section.

ERROR to the Circuit Court for *Milwaukee* County.

The plaintiffs in error were convicted on an indictment of which the first count charged (with specification of time and

place) that the accused " the dwelling house of Oscar C. Ferris, situate in the city of Milwaukee in said county of Milwaukee, feloniously did break and enter, with intent the goods and chattels and property of the said Oscar C. Ferris, in the said dwelling house then and there being, then and there in the said dwelling house feloniously and burglariously to steal, take and carry away ;" and it then proceeds in the usual form to further charge them with actually stealing then and there certain specified articles of the property of said Ferris. The second charge was similar in form, but omitted the charge of actual theft.

A motion in arrest of judgment and for a new trial, was denied ; and each of the prisoners was adjudged to two years imprisonment at hard labor in the state prison.

*E. Fox Cook*, for plaintiffs in error, cited Archb. Cr. Pl. (3d Am. ed.), 251–3, 51–3, 42–3 ; 2 Hale, 170 ; 1 Term, 141 ; 5 id., 83 ; 15 East, 456 ; 1 id., 643 ; Leach, 580 ; 2 East's P. C., 782 ; 1 B. & H., 362 ; 1 Bennett & H. Lead. Cr. Cases, 250, 356–7, and authorities there cited ; *Com. v. John Hart*, 11 Cush., 130; *State v. Delue*, 1 Chand., 166 ; 5 Denio, 76 ; *Lacy v. The State*, 15 Wis., 13 ; 1 Chitty Cr. Law (5th Am. ed.), 231, 284 ; 2 Pick., 141 ; 2 Nott & McC., 365 ; 2 Yerg., 233 ; 15 Vt., 290 ; 24 Pick., 374 ; 5 Halst., 293 ; 8 Mass., 65 ; 2 id., 130 ; 1 Pick., 139 ; 3 id., 283 ; 6 Serg. & R., 5. From these authorities counsel argued that in charging an offense under sec. 10, ch. 160, R. S., it is essential to state in the indictment that there was some person lawfully in the house, and that the offender was *not* armed, and did *not* arm himself in the house, with a dangerous weapon, nor make any assault, &c.

The *Attorney General, contra*, cited *Lacy v. The State*, 15 Wis., 13 ; *Comm. v. Squire*, 1 Met., 258 ; *Devoe v. Comm.*, 3 id., 316 ; *Larned v. Comm.*, 12 id., 240 ; *Fleming v. People*, 27 N. Y., 329 ; *Comm. v. Griffin*, 21 Pick., 523 ; *Curran's Case*, 7 Gratt., 619 ; *Grubb v. The State*, 14 Wis., 434. Negative words in a statute may be omitted in the indictment. *Rex v. Pearce*, Russ. & Ryan, 174 ; *Rex v. Robinson*, id., 320 ; *Rex v. Baxter*, 5 Term,

Bell et al. vs. The State.

83 ; *Rex v. Pollard*, 2 Ld. Raymond, 1370 ; 1 Chitty's Cr. Law,
283–4.    He also contended that the indictment was good at
common law, and that the statute was merely cumulative.
*Rex v. Wright*, 1 Burr., 543 ; *Rex v. Robinson*, 2 id., 799 ; *Rex
v. Boyall*, id., 832 ; *Rex v. Carlile*, 3 Barn. & Ald., 161 ; *Rex
v. Balme*, Cowp., 648 ; 1 Russ. on Crimes, 50, 51 ; Whart.
Crim. Law, 39, 40 ; *Rex v. Dickinson*, 1 Saunders, 135,
note 4 ; *Rex v. Wigg*, 2 Ld. Raymond, 1163 ; *Turnpike Co. v.
People*, 15 Wend., 267 ; Archb. Cr. Pl., 56 ; *Behan v. People*,
17 N. Y., 516.

Dixon, C. J.    The words "the dwelling house of Oscar C
Ferris," mean that the building broken and entered was his
place of residence, and that he occupied it as such at the time
of the breaking and entry.    An averment in this form is good
in the common law indictment for burglary and larceny, and
under the English statute, and the same is true under our
statute.    R. S., ch. 165, secs. 9 and 10.

Under section 9, no doubt, for the higher offense of break-
ing and entering a dwelling house in the night time, with in-
tent to commit the crime of murder, rape, larceny &c., the of-
fender being armed with a dangerous weapon at the time of
such breaking and entering, or so arming himself in such
house, or making an actual assault on any person lawfully
therein, the indictment must charge that there was some person
then lawfully in the house at the time.    There being some person
lawfully therein is, by the statute, one of the facts necessary to
constitute the offense.    If a thief, breaking and entering to steal
armed with a dangerous weapon, or so arming himself in the
house, should find there another thief who had broken and en-
tered for the same purpose, or, not being armed, should assault
such other thief—or if two thieves should break and enter togeth-
er armed, or arming themselves with dangerous weapons, or, be-
ing without such weapons, should fall out, and one make an as-
sault upon the other, there being no other person in the house

—it is clear that the offense described by section 9 would not be complete, and the offender could not be punished under it. But in section 10 the condition, " any person then being lawfully therein," is omitted.    This indictment was drawn, and the plaintiffs in error tried, convicted and sentenced, under that section.    Under that section the indictment is good.    Such an indictment need not negative the being armed or arming with a dangerous weapon, or the making of an assault upon a person lawfully in the house, necessary to constitute the higher offense named in the preceding section.    *Rex v. Pearce*, Russ. & Ryan's C. C., 174 ; *Rex v. Robinson*, id., 320.

*By the Court.*—Convictions affirmed.