Shirk v. Andrews.

———◆———

No. 10,940.

SHIRK v. ANDREWS.

PRACTICE.—*Demurrer to Answer.*—*Defect of Parties.*—A demurrer for want of sufficient facts to an answer does not search the complaint for defect of parties.

MORTGAGE.—*Foreclosure.*—*Effect of Decree.*—A decree foreclosing a mortgage, and a sale under it, where the owner of the equity of redemption was not made a defendant, does not merge or satisfy the mortgage, nor does it bar a new suit by the mortgagee, who has purchased, to foreclose against the proper party.

From the Huntington Circuit Court.

*L. P. Milligan* and *O. W. Whitelock,* for appellant.

*W. H. Trammel, T. L. Lucas, J. C. Branyan* and *M. L. Spencer,* for appellee.

ELLIOTT, J.—The complaint of the appellant alleges that he was the holder of several notes executed by Isaac Beal; that to secure their payment Beal executed a mortgage on eighty acres of land; that Flora Andrews, the appellee, purchased an interest in the land with full knowledge of appellant's mortgage; that after her purchase, but without any knowledge of it, he instituted a suit for foreclosure, and obtained a decree; on this decree the land was sold and bought by him; that appellee was not made a defendant to the action, for the reason that the appellant believed the land to be owned by her husband, who was at one time the owner; that after the execution of a deed by the sheriff, the appellant sold and conveyed the land to Jacob Krieg, and that he prosecutes the action for Krieg's benefit.

The second paragraph of the appellee's answer sets forth

the proceedings in the foreclosure suit, the sale thereon, and avers that the mortgage and judgment were thereby satisfied. To this answer a demurrer was overruled, and upon this ruling rests the assignment of error.

Appellee makes the point that even if the answer was bad it was not error to overrule the demurrer, because it appears on the face of the complaint that the appellant is not the proper plaintiff. It is true that the rule is that a demurrer to an answer will search the record, and if the complaint is bad there will be no error in overruling it even if the answer is bad; but this general rule does not apply where the question is as to parties. It applies only where the merits of the action are involved. Generally, the question of proper parties can only be raised by answer or demurrer, and we think that it should be held in this case, that the question as to whether the appellant was the real party in interest ought to have been raised by demurrer or answer. Prior to the act of 1881 (R. S. 1881, section 1073), a deed made while another was in adverse possession was ineffectual, and actions to recover possession or quiet title must have been brought by the grantor, and, as this case is governed by the old rule, it may well be doubted whether it was not properly brought in the name of the appellant. But, without deciding this precise question, and confining our decision to the question as it is here presented, we hold that the point of appellee is not well taken.

As the appellee was not a party to the foreclosure suit, the decree does not bind her, and as there was no decree against her, it results that the mortgage as to her was neither merged nor satisfied. It left in her, untouched, the equity of redemption. *Hosford* v. *Johnson*, 74 Ind. 479.

We understand it to be well settled that if the owner of an equity of redemption is not made a party to the suit, a subsequent suit may be brought to compel him to redeem, and to secure a decree barring his equity of redemption. The rule, as we hold it to exist, is thus stated by Mr. Jones: "If

the owner of the equity has, through mistake, not been made a party, the mortgagee who purchased at the sale may maintain a second action to foreclose the equity of such owner, and for a new sale, but he can not recover the costs of the previous sale." 2 Jones Mortg., section 1679.

Judgment reversed.

Filed Jan. 8, 1884.