### GEORGIA PACIFIC R. R. Co. *v.* J. S. WALKER.

1. PARTIES. *Bill to foreclose mortgage. Holder of equity of redemption.*
   The rights of the holder of an equity of redemption in mortgaged premises acquired before the filing of a bill to foreclose the mortgage, and to which he is not a party, are not affected by the decree of foreclosure.

2. PURCHASER AT FORECLOSURE SALE. *Rights acquired.*
   The purchaser at a sale under foreclosure proceedings acquires all the rights of the mortgagee in the land, including the legal title, and may bring ejectment for the land or proceed anew to foreclose the mortgage.

3. SAME. *Holder of equity of redemption.*
   The purchaser at a foreclosure sale does not become the absolute owner of the property so as to cut off the equity redemption in part of the land held by one not a party to the foreclosure proceedings, but such holder may require that the lands retained by the mortgagor be first sold for the satisfaction of the mortgage debt, and his part subjected to payment of any deficiency which may arise.

APPEAL from the Chancery Court of Washington County.

HON. W. G. PHELPS, Chancellor.

Blanton bought from Bolton a tract of land and executed a deed of trust upon it to secure the deferred payments of purchase-

31

money.   Subsequently, while Blanton was in possession and before any steps had been taken to foreclose the trust deed, although some of the notes had matured, Blanton conveyed to the appellant a right of way through the land for its railroad, which was built and is now being operated over the right of way.   The trust deed was afterward foreclosed by a proceeding in the chancery court to which Blanton was alone made a party defendant and to which appellant was not a party.   Under the foreclosure sale the appellee became the purchaser of the whole tract, including the strip upon which the appellant's road is located.   The bill states that appellant claims to hold under Blanton's conveyance, and seeks to have damages assessed by the court and appellant perpetually enjoined if same were not paid.   Appellant's demurrer was overruled and this appeal taken.

*Percy, Yerger & Percy,* for the appellant.

1.  Walker, the appellee and purchaser, under decree of chancery court, is not entitled to damages for the appropriation made by the railroad company.   At the time of the taking the owners of the land were O. M. Blanton, the mortgagor, and Bolton, the *cestui que trust.*   Either or both of them might have granted a right of way, or might have released all claims for damages.   Damages for taking and injury to land belong to the owner at the time of the injury and do not pass to a subsequent vendee.   Pierce on Railroads 185;   Mills on Eminent Domain, § 66.   If Walker is entitled to damages at all, the chancery court has no jurisdiction to ascertain them.   The appellant is not a trespasser, because it entered by lawful authority, and the remedy given by statute to ascertain the damages is exclusive.   See Charter Georgia Pacific Railway Co., Acts 1882, p. 828;   Mills on Eminent Domain, § 87;   Pierce on Railroads 178;   *Brown* v. *Beatty,* 34 Miss. 227.   The right that Bolton may have had to damages at the time of the taking did not pass to Walker.   If the latter has any claim whatever, it has arisen since he became connected with the property by purchase under the decree.   It has occurred since the charter of Georgia Pacific was enacted.   In that charter ample remedy is provided both for the landholder and the company.   It

was competent for the legislature to change the provision applicable at the time of taking.    Mills on Eminent Domain, § 93.

2. If the theory of the bill be correct, then by virtue of his purchase under the chancery decree appellee became the absolute owner of the land occupied by the railroad.    Admitting this to be true, in what position does it place the parties?    Appellee has no claim to the damages, as at the time of taking by the railroad, because, as we have seen the only two parties interested in the land then were Blanton, the grantor, and Bolton, the *cestui que trust* in the deed of trust.    Blanton had the right and did convey, so far as he was concerned, the right of way or strip of land to the company, and presumably for a valuable consideration.    Bolton might, had he chosen, have asserted a claim for damages at the time, or if he had became the purchaser under the foreclosure proceedings he might then have asserted it.    The case would then be analogous to the case in 7 S. & M. 568.    But, as we have seen, Bolton's claim to damages did not pass to a subsequent vendee.    The injury, if any, ensued when the land was taken.    Appellee became a purchaser with full knowledge of the occupancy by the railroad, which was then being operated.    If then, by virtue of his purchase, appellee has become the owner by paramount title of the strip of land occupied by the railroad, his remedy is by ejectment or trespass.

3. But, in point of fact, appellee cannot assert any title or claim whatever against appellant.    Blanton unquestionably had the right to sell and convey any part or all of the property which he had bought from Bolton.    Of course, the purchaser would take subject to the deed of trust.    The appellant held the strip of land conveyed as any other alienee of or purchaser from Blanton would have done.    If its rights were to be affected or the property sold to it subjected to a decree, it was absolutely necessary that it should have been made a party to the chancery suit.    It was entitled to an account, to see that a decree was not taken for an amount in excess of what was due, and to have the decree so shaped as to subject that part of the property not alienated by Blanton just to its satisfaction.    See *Martin* v. *Kelly*, 59 Miss. 552.

*Trigg & Hirsh,* for the appellee.

1. The first position of counsel for complainants is erroneous. Walker is entitled to all the rights possessed by Blanton at the time of the execution of the deed of trust by Blanton to Bolton. The bill is framed in all its parts upon the principles laid down in *Stewart* v. *Raymond R. R. Co.,* 7 S. & M. 571; Pierce on Railroads 185.

2. The remedy to ascertain damages is not exclusive. Such may be the rule in some States. *The Constitution of our State requires payment of damages before occupation. It was the duty of the company to summon a jury. We were not compelled to do so.* *Cage* v., *Trager,* 60 Miss. 569; Pierce on Railroads 166.

3. On the other hand, the case is not governed by the rights given under the charter to the Georgia Pacific R. R. Co., but by the charter of the Greenville & Birmingham R. R. Co., *the vendors of complainants.* That charter contains no such provision even if it is admitted that the Georgia Pacific R. R. Co.'s charter by a forced construction of language enforced such a rule, which we deny. This *is* a constitutional right. The rights of parties are determined by the condition of things existing at the time of the execution of the trust deed.

4. We know of no rule prohibiting the filing of a bill against subsequent grantees, mortgagees, and vendors left out in the original bill and enforcing rights against them. It is a bill analogous to marshaling of assets. It has existed from time immemorial, and the position is not even open to discussion. Pierce on Railroads 165.

5. The principles announced in the case of *Martin* v. *Kelly,* 59 Miss. 552, need not be discussed at this state. There may be some merit in it upon the coming in of proof. At present it has no application. This case was elaborately argued, and the Chancellor, after a thorough investigation of the merits of the case, overruled the demurrer. We are satisfied the decision is righteous. In fact, the case of *Stewart* v. *Raymond R. R. Co.,* 7 S. & M. 570, is conclusive.

COOPER, J., delivered the opinion of the court.

The rights of the railroad company were not affected by the decree of foreclosure, because, being a purchaser of the equity of redemption in a part of the mortgaged land before the bill was filed, it was not made a party defendant. But the sale under the foreclosure proceedings was not a nullity. The purchaser acquired all the rights of the mortgagee in the land, and this included the legal title to the land. He could either have sued in ejectment on this legal title, or have proceeded anew to foreclose the mortgage. The bill in this case is founded upon the theory that by his purchase the complainant became absolute owner of the property, that the equity of redemption of the company had been cut off by the sale. In this the complainant is mistaken. But the bill also contains a prayer for general relief, and on the facts stated he is entitled to foreclose the mortgage anew. The defendant may now, as it might have done if it had been a party to the original proceeding, require the land owned by complainant to be first sold for the satisfaction of the mortgage debt, its land being subject only for any deficiency which may exist after such sale. Jones on Mortgages, § 1395, and authorities there cited; *Frische* v. *Kramer*, 16 Ohio 125.

*Decree affirmed.*