CRYSTAL RIVER LUMBER COMPANY, A CORPORATION, *Appellant,* v. THE KNIGHT TURPENTINE COMPANY, A CORPORATION, AND PINE LUMBER COMPANY, A CORPORATION, *Appellees.*

Opinion Filed March 4, 1915.

1.  When for any reason foreclosure proceedings are imperfect, irregular or void, the purchaser at the sale becomes subrogated to all the rights of the mortgagee in and to the mortgage and the indebtedness that it secured, and becomes thereby virtually an equitable assignee of such mortgage and of

the debt that it secured, with all the rights of the original mortgagee, and becomes entitled to an action *de novo* for the foreclosure of such mortgage against all parties holding junior encumbrances or the legal title, who had been omitted as parties to such original foreclosure proceedings under which he bought.

2. Though in enforcing a mortgage lien upon lands the existence of contract rights in the land acquired subsequent to the mortgage is known to the mortgagee, and such contract holders are not made parties to the foreclosure proceedings, a subsequent foreclosure of such contract rights may be had upon equitable principles.

Appeal from the Circuit Court for Citrus County; W. S. Bullock, Judge.

Orders affirmed.

COCKRELL, J., dissents.

*Anderson & Anderson,* for Appellant;

*H. M. Hampton* and *Hocker & Martin,* for Appellees.

WHITFIELD, J.—This appeal is from an order overruling a demurrer to a bill of complaint, and from an order denying a petition for a rehearing upon the demurrer. The bill of complaint in effect alleges that R. J. Knight executed mortgages on certain lands to secure an indebtedness; that subsequent to the execution of the mortgages, the mortgagor executed to the Crystal River Lumber Company a contract to convey the timber on the land with the right to take the timber from the land during a long term of years; that the mortgage liens were held by the Con-

19—Vol. 69.

290          SUPREME COURT OF FLORIDA.

Crystal R. Lbr. Co. v Knight Turpentine Co.—Opinion of Court.

solidated Naval Stores Company and were enforced by foreclosure proceedings in which a decree for $18,270.46 was rendered, but the Crystal River Lumber Company who was the holder of the contract for the conveyance of the timber and incidental rights in the land, was not made a party to the foreclosure proceedings for the reason that said Crystal River Lumber Company had "ceased sawmill operations and having dismantled its mill and moved away" "it was the belief of all parties connected with the transaction that said company would not thereafter make any claim under said contract"; that the lands were bought at foreclosure sale for $15,000.00 by the mortgagee who "sold and conveyed all of the said property, and all of its rights under the said mortgage * which it acquired by and through said sale," to the appellee Knight Tur-pentine Company; that the mortgagee purchaser at the sale "has transferred, assigned, set over and sold to * Knight Turpentine Company, all of its rights therein, both under the said purchase at said master's sale and under the said mortgages"; that the Knight Turpentine Company sold and conveyed to the appellee, the Pine Lumber Company, the lands in controversy, reserving all the timber upon the lands; that a deficiency decree against Knight the mortgagor would be of no value because said Knight was and is utterly insolvent; that the premises purchased at the foreclosure sale was not of the value bid therefor if the contract right of the defendant is valid; that the Crystal River Lumber Company is making some claim of title or right to the timber on the land, which asserted claim is inferior to the complainants' rights acquired under the mortgage foreclosure. The Knight Turpentine Company and the Pine Lumber Company brought this suit against the Crystal River Lumber Com-

pany, to subject the contract held by the latter company for the conveyance of the timber rights and giving other incidental rights in the lands, to the payment "of the sums of money remaining due upon the mortgages." A demurrer to the bill of complaint was overruled, and complainants appealed.

The rights of the appellant Crystal River Lumber Company in the lands were acquired subsequent to the mortgage liens, and as the appellant was not a party to the proceedings to enforce the liens, its rights were not affected thereby. Such contract holder had a right to pay off the mortgage debts and redeem the land itself. See Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 South. Rep. 108; Burns v. Hiatt, 149 Cal. 617, 87 Pac. Rep. 196, 117 Am. St. Rep. 157.

The purchaser of property at a foreclosure sale for the full amount due on the decree of foreclosure, when, for any reason the foreclosure proceedings are imperfect, irregular or void, becomes subrogated to all the rights of the mortgagee in and to such mortgage and the indebtedness that it secured, and becomes thereby virtually an equitable assignee of such mortgage and of the debt that it secured, with all the rights of the original mortgagee, and becomes entitled to an action *de novo* for the foreclosure of such mortgage against all parties holding junior encumbrances or the legal title, who had been omitted as parties to such original foreclosure proceedings under which he bought. Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 South. Rep. 599; Jordan v. Sayre, 29 Fla. 100, 10 South. Rep. 823.

In this case the purchaser at the foreclosure sale was the mortgagee, and it did not bid the full amount decreed

to be due on the mortgages, but this does not alter its rights as a mortgagee purchaser at the sale with reference to junior encumbrances, particularly when as alleged the land is not worth the purchase price if the contract right in the land is valid.   The rights of the appellant under its contract do not amount to the legal title, but such rights do constitute a right in the land in the nature of a junior encumbrance covering rights in the growing timber and in the use of the land for a period of years in cutting and moving the timber, and the mortgagee or its legal or equitable assignee, is entitled to maintain a suit *de novo* for the enforcement of the mortgage lien against the contract rights of the appellant in the lands, the holder of the junior encumbrance having its reciprocal rights when the suit to repurchase is instituted.   See Georgia Pacific R. R. Co. v. Walker, 61 Miss. 481; Shaw v. Heisey, 48 Iowa 468; Morey v. City of Duluth, 69 Minn. 5, 71 N. W. Rep. 694; Cook v. Cooper, Admr., 18 Ore. 142, 22 Pac. Rep. 945, 7 L. R. A. 273; Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. Rep. 445; Foster v. Johnson, 44 Minn. 290, 46 N. W. Rep. 350; Brown v. San Francisco, 16 Cal. 452, text 461; Shirk vs. Andrews, 92 Ind. 509.   The fact that the martgagee purchaser and the appellees, its successors in title, knew of the appellant's contract rights in the land and that the appellant was not made a party to the first foreclosure proceedings, do not affect the appellees, having all the rights of the mortgagee, to enforce the mortgage liens, any more than the failure to make the appellant a party to the first proceedings, affects the right of the appellant to redeem its contract right in the land from the mortgage lien and to maintain the contract right by paying the balance due on the debt when the mortgagee or its legal or equitable assigns undertake to enforce the mortgage lien

against the appellant's contract rights in the land. The appellant may be able to show a right to redeem or take a conveyance of the land upon payment of the entire debt for which the mortgages were given.

As there is equity alleged in the bill of complaint upon which appropriate orders and decrees may be made in adjudging the rights and equities of the parties in the premises, the demurrer was properly overruled. Additional costs that may accrue because of the failure to make the appellant a party to the first foreclosure proceedings may be equitably adjusted. See 2 Jones on Mortg. sec. 1679, 1680; State Bank of Wisconsin v. Abbott, 20 Wis. 599.

The orders appealed from are affirmed.

TAYLOR, C. J., AND SHACKLEFORD AND ELLIS, JJ., concur.

COCKRELL, J., dissents.

## ON REHEARING.

PER CURIAM.—A petition for rehearing suggests that the court omitted to consider the circumstance that the complainants, appellees here, are not the purchasers at the foreclosure sale, but claim through a conveyance from the mortgagee purchaser. The opinion expressly refers to the appellees as being the successors in title to the mortgagee purchaser and to the rights of the legal or equitable assigns of such mortgagee.

As shown by the opinion, the bill alleges that the mort-

gagee purchaser sold and conveyed the property to one of the appellees, and also transferred to such appellee all of its rights both under the purchase and under the mortgage. If the appellant's contract rights in the property were in fact subject to the mortgage, such rights cannot be made superior to the rights growing out of the mortgage by mere failure to make the appellant a party to the foreclosure proceeding, where it is alleged that appellant had ceased operations under its contract rights and it was the belief of all parties that appellants "would not thereafter make any claim under said contract," no estoppel of appellees appearing.

Even if appellant was not a *necessary* party to the foreclosure proceedings, the right of appellees to re-foreclose is not thereby affected. Nor does this right of appellees prolong the life of the mortgage. If a foreclosure proceeding is not complete it can be made complete by appropriate proceedings in the absence of controlling equities forbidding it.

Rehearing denied.

TAYLOR, C. J., AND SHACKLEFORD, WHITFIELD AND ELLIS, JJ., concur.

COCKRELL, J., dissents.