FLORIDA HOME FINDERS, A CORPORATION, *Appellant*, v. MIAMI SAVINGS BANK AS TRUSTEE FOR H. A. AND E. L. BRADDOCK, AND H. A. AND E. L. BRADDOCK IN THEIR OWN RIGHT, AND FIRST NATIONAL BANK OF MIAMI, *Appellees*.

Opinion Filed July 2, 1919.

Petition for Rehearing Denied August 13, 1919.

1   Where under the statute a cause is referred to a referee it is not thereby transferred to another tribunal. The judgmnt of the referee is the judgment of the court in which the cause is pending.

2.  A referee is empowered to act only upon an order from the court in whose jurisdiction the cause may be.

3.  A judge of a court who is disqualified in any cause has no power to authorize the cause to be tried by a referee, nor the power to appoint one.

An Appeal from the Circuit Court for Dade County; H. F. Atkinson, Referee.

Decree reversed.

*Shannon C. Wallace* and *Rose & Robineau,* for Appellant;

*Price & Price & Eyles,* for Appellees.

ELLIS, J.—This is an appeal from a final decree and several interlocutory decrees made by a referee appointed in this cause. The case is a suit to foreclose a mortgage brought by the appellees against the appellant.

After the bill was filed and demurrer thereto and motion to strike a part of the bill were filed it was stipulated between solicitors for complainant and defendant, first, that Honorable H. P. Branning, Judge of the Circuit Court in which the cause was pending, was disqualified; second, that the cause by order of Judge Branning should be referred to a referee in accordance with Sections 1660-1663, General Statutes of Florida.

Upon the same day that the stipulation was filed Judge Branning made an order in which it was recited that the cause came on to be heard upon the stipulation of counsel "agreeing upon an order of reference in the above entitled cause by reason of the disqualification of the judge of said court," and in that order referred the cause to Honorable H. F. Atkinson as Referee "with all of the power and authority vested in such Referee by law."

It elsewhere appears in the record that Judge Branning was disqualified by reason of interest, having been the secretary of the defendant corporation at the time of the execution of, the notes and mortgage. The referee made several interlocutory orders, a decree *pro confesso* was entered and the cause referred to a Special Master to take testimony, upon the report of which a final decree was made by the Referee. After this Mr. Atkinson tendered his resignation as Referee, and Judge Branning entertaining the motion to relieve Mr. Atkinson, and appoint another Referee in his stead, by order dated July 27, 1917, appointed Honorable F. M. Hudson as Referee. The cause then proceeded with Mr. Hudson as Referee, who denied a motion of the defendant to open the decree

*pro confesso* and allow a plea or answer to be filed to the bill and made an order confirming the Master's report of the sale of the property under the final decree.

We think that the interlocutory orders and decrees appealed from were void and of no force and effect, and that the same should be reversed. The Judge of the court in which the bill was filed was disqualified. He had therefore no power to make any order in the cause save one referring it to a qualified tribunal. See Section 1337, General Statutes; Chapter 5640, Laws of Florida, 1907; Swepson. v. Call, 13 Fla. 337.

Where a cause is referred to a Referee under our statute it is not thereby transferred to another tribunal or court. It remains at all times a cause pending in the court making the reference. The judgment of the Referee is the judgment or decree of such court. See State *ex rel.* Sanchez v. Call, 36 Fla. 305, 18 South. Rep. 771.

Our law recognizes no such judicial tribunal as a "Court of a Referee." Under Sections 1659-1663 the Referee is empowered to act only upon an order from the court in whose jurisdiction the case may be.

To enable a Referee to try a cause the judge of the court before whom the cause is pending must affirmatively act by a judicial order involving a judicial discretion. This is the spirit and meaning of Section 20, Article V of the Constitution of Florida. The cause may be tried before a practicing attorney as referee upon the application of the parties and an *order* from the court in whose jurisdiction the case may be, *authorizing* such trial and *appointing* such referee.

Judge Branning being disqualified, had no power to authorize the cause to be tried by a referee, nor the power to appoint one. So all the proceedings from the certificate of disqualification were null and void.

It is therefore ordered that the interlocutory orders and final decree appealed from be reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.