J. H. Meyer, *Appellant*, v. Florida Home Finders, a Corp-
oration; First Trust & Savings Bank, a Corporation,
formerly named and known as Miami Savings Bank,
as Trustee for H. A. Braddock and Bertha E. L. Brad-
dock; H. A. Braddock and Bertha E. L. Braddock in
their own behalf; and First National Bank of Miami,
a Corporation, *Appellees.*

En Banc.

Opinion Filed July 9, 1925.

1. Legal subrogation is the substitution of one person in the
place of another with refernece to a lawful claim or right.
It arises by operation of law where one having a liability,
right, or fiduciary relation pays a debt due by another under
such circumstances that he is in equity entitled to the security
or obligation held by the creditor whom he has paid.

2. Conventional subrogation depends on contract and under
such contract the one paying the debt of another succeeds
to the rights of the creditor so paid.  Boley v. Daniel, 72
Fla. 121, 72 So. 644.

3. When for any reason foreclosure proceedings are imperfect,
irregular or void, the purchaser at the sale became subrogated
to all the rights of the mortgagee in and to the mortgage and
indebtedness that it secured and becomes thereby virtually
an equitable assignee of such mortgage and of the debt it
secured, with all the rights of the original mortgagee and
becomes entitled to an action *de novo* for the foreclosure of
such mortgage against all parties holding junior encum-
brances or the legal title, who has been omitted as parties to
such original foreclosure proceedings under which he bought.

4. In order to sustain the plea of a "former action pending" in
a suit for subrogation it must be shown that the former action
pending and the bill for subrogation involve the same cause
of action, that both actions must be of the same character,
for the same cause and relief, and that they must be in all
respects identical.

An Appeal from the Circuit Court for Dade County; E. C. Davis, Judge.

*James M. Carson* and *John M. Murrell,* for Appellant;

*Gramling & Clarkson* and *S. P. Robineau,* for Appellees.

TERRELL, J.—Miami Savings Bank as trustee and others brought suit against Florida Home Finders, a corporation, to foreclose a mortgage against certain lands in Dade County. J. H. Mayer in good faith and for cash purchased the lands at the foreclosure sale. After purchase and payment for and receipt of his deed for said lands, this Court in 78 Fla. 85, 82 South. 621, reversed the decree in the foreclosure suit and held all the proceedings therein from the certificate of disqualification of the chancellor null and void.

J. H. Mayer, the purchaser at the foreclosure sale, then brought this suit in chancery for the purpose of having himself subrogated to all the rights of the original mortgagee, Florida Home Finders, a corporation. To the bill of complaint Florida Home Finders filed two pleas and subsequently elected to stand on the second plea. Following defendant's election to stand on its second plea a very unusual series of orders was made by the chancellor affecting said plea.

Order one sustained the second plea and dismissed the bill. Order two overruled the second plea and allowed defendant until December 1, 1923, to plead further. Order three struck order two from the files. Order four set up that the court had not understood the cause of action, the contents of the bill, and the legal effect of the plea, recited all former orders, overruled the plea, and allowed ten days in which to plead over. Order five set order four down for rehearing on April 3, 1923, and order six extended

5  -Vol. 90.

the time to plead as authorized by order four. Order seven extended further the time to plead and order eight set aside and nullified all other orders made after June 28, 1922 (same being all those above enumerated) and provided that said order of June 28 stand as of the original date of signing as the final and correct order upon the second plea.

The effect of order eight was to sustain the second plea, which set up as a bar to the bill for subrogation another or former action pending. Appeal is taken from this order and the sufficiency of the plea brought here for our consideration.

Legal subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. It arises by operation of law where one having a liability, right, or fiduciary relation pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation depends on contract and under such contract the one paying the debt of another succeeds to all the rights of the creditor so paid. Boley v. Daniel, 72 Fla. 121, 72 South. Rep. 644.

This court has repeatedly held that when for any reason foreclosure proceedings are imperfect, irregular, or void the purchaser at the sale became subrogated to all the rights of the mortgagee in and to the mortgage and indebtedness that it secured and becomes thereby virtually an equitable assignee of such mortgage and of the debt it secured, with all the rights of the original mortgagee, and becomes entitled to an action *de novo* for the foreclosure of such mortgage against all parties holding junior encumbrances or the legal title, who had been omitted as parties to to such original foreclosure proceedings under which he bought. Key West Wharf and Coal Company v. Porter, 63 Fla. 448, 58 South. 599, Ann. Cas. 1914 A 173; Crystal

River Lumber Company v. Knight Turpentine Company, 69 Fla. 288, 67 South. 974, Ann. Cas. 1917 B 574.

In order to sustain the plea presented here for our determination it must show that the "former pending action" and the bill for subrogation involve the same cause of action; that is, both actions must be of the same character, for the same cause and relief must be in all respects identical. 1 R. C. L. 13. 1 Corpus Juris 66, supported by many authorities, prescribes the following test for determining the sufficiency of such pleas:

(1) "Clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second." In other words, if a final judgment in the former suit would support a plea of *res adjudicata* in the subsequent suit, the suits are identical for this purpose; otherwise they are not. (2) Many cases apply the following test: Was full and adequate relief obtainable in the prior action? If so the second action was improperly brought and is abatable; if not, the objection will be overruled. This, as we shall see, is a generally recognized rule. (3) A test having the support of some of the cases is this: Will the same evidence support both actions? (4) A fourth test supported by English and Canadian authorities is: Could the bill in the second suit have been produced by a fair amendment of the first?

It is shown here that the "former action pending" was one brought by Dade County Security Company to be subrogated to the rights of the First Trust and Savings Bank, formerly the Miami Savings Bank, to foreclose in its (Dade County Security Company) favor the original mortgage from Florida Home Finders to Miami Savings Bank. The Dade County Security Company joined as defendants in its subrogation suit all the defendants in the suit at bar in-

cluding Meyer and some fifty or sixty others to whom Meyer had deeded lots. It is also shown that Dade County Security Company had loaned Meyer the money with which he bought at the foreclosure sale of Miami Savings Bank v. Florida Home Finders and that Meyer in turn mortgaged the lands so purchased to Dade County Security Company.

On this showing we cannot say the subrogation suit on the part of Dade County Security Company and that on the part of the appellant involve the same cause of action, that they are of the same character, for the same relief, are in all respects identical, or that a final judgment in the former would support a plea of *res adjudicata* in the latter, so the decree appealed from is reversed.

WEST, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.