WILLARD C. WHEELER, as Trustee, et al., *Appellants*, v. RIDGE COUNTRY HOLDING COMPANY et al., *Appellees*.

Division B.

Opinion filed November 21, 1929.

*Callaway & Burruss, Anderson, Rountree & Crenshaw,* Atlanta, Georgia, for Appellants;

*H. D. Wentworth, J. V. Walton, Bryant & Trantham, Bradford G. Williams, Richard M. Naylor,* for Appellees.

WHITFIELD, P. J.—The appeal herein was taken from a final decree in a chancery cause rendered by a "Judge *ad litem*." One of the appellees, the Selden Cypress Door Company, moves to dismiss the appeal on the ground that the decree is void, there being no authority for a judge *ad litem* in a chancery cause. Error is assigned on the final decree and on the order appointing a judge *ad litem*.

Sections 19 and 20, Article V of the Constitution, are as follows:

"Section 19. When any civil case at law in which the judge is disqualified shall be called for trial in a circuit or county court, the parties may agree upon an attorney at law, who shall be judge *ad litem,* and shall preside over the trial of and make orders in said cause as if he were judge of the court. The parties may, however, transfer the cause to another circuit court or county court, as the case may be, or may have the case submitted to a referee.

Section 20. Any civil cause may be tried before a practicing attorney as referee upon the application of the parties and an order from the court in whose jurisdiction the case may be, authorizing such trial and appointing such referee. The referee shall keep a complete record of the case, including the evidence taken, and such record shall be filed with the papers in the case in the office of the clerk; and the cause shall be subject to an appeal in the manner prescribed by law."

It is conceded that a judge *ad litem* cannot adjudicate a chancery cause, as the first quoted organic provision authorizes a judge *ad litem* only in "any civil case at law"; but it is contended that though designated as a "judge *ad litem*," the "attorney at law" or "practicing attorney" who rendered the decree appealed from was in fact ap-

pointed by an order of the court and may be regarded as "a referee," and that "a referee" may adjudicate a chancery cause as well as a civil action at law.

.The following was presented to the chancellor:

"Comes now the solicitors for the respective parties hereto and move the court to appoint R. H. AMIDON, a practicing attorney and member of the bar of Polk county and this circuit, as judge *ad litem* to sit in the final hearing of this cause, and make findings of law and fact and make decree herein."

The following order was made thereon:

"THIS CAUSE came on to be heard upon the motion of counsel for the appointment of a judge *ad litem*, and it appearing to the court that the parties have agreed upon the appointment now being made,

IT IS THEREUPON CONSIDERED and ORDERED that R. H. AMIDON, ESQUIRE, a practicing attorney of this court, be and he is hereby appointed judge *ad litem* to sit in the further hearing of this cause, with all of the powers as such judge *ad litem* conferred by law."

A party has a right to appeal from, and obtain the reversal of, a void judgment. Shoemaker v. Board of Commissioners of Grant County, 36 Ind. 175, 4 C. J. 1163; Fox v. Nachtsheim, 3 Wash. 684, 29 Pac. R. 140; Taylor v. Bay St. Francis Drainage Dist., — Ark. —, 284 So. W. R. 770; 2 Enc. Pl. and Pr. 103; 2 R. C. L., p. 33, par. 13; Elliott on Appellate Procedure, Sec. 110 and cases cited; 3 C. J. 373.

Assuming that a chancery cause may be adjudicated by a referee under the Constitution as interpreted by the statutes and the practice thereunder, Chapter 3122, Acts 1879.; Chapter 6495, Acts 1913; Section 2, page 857, McClellan's Digest; Section 4561, Comp. Laws 1927; Shear v. Robin-

son, 18 Fla. 379; Southern Bank & Trust Co. v. Mathers, 90 Fla. 542, 106 So. R. 402; Florida Home Finders v. Miami Savings Bank, 78 Fla. 85, 82 So. R. 621; the decree appealed from was not rendered by a referee.

The "solicitors for the respective parties" moved the court to appoint a practicing attorney as judge *ad litem* herein. The court ordered that the named practicing attorney is appointed judge *ad litem* "with all the powers of a judge *ad litem* conferred by law. Under the Constitution a judge does not appoint a judge *ad litem* but does appoint a referee. It is not necessary to consider the judicial powers of a judge *ad litem* and of a referee respectively under the Constitution. The "final decree" states that the cause came on "before the undersigned as judge *ad litem* for final hearing," etc., and the "final decree" is signed "R. H. Amidon, Judge *ad Litem.*"

The provisions of the Constitution authorizing a judge *ad litem* and a referee to adjudicate judicial controversies are wholly different, being intended to operate under quite different conditions; and where a circuit judge appoints a "judge *ad litem*" who acts as such, and not a referee, such appointment as made being unauthorized, cannot be regarded as the appointment of a referee, and the judicial acts of the appointee performed as judge *ad litem* cannot be regarded as the judicial acts of a referee.

The authority of a judge *ad litem* and of a referee under the Constitution of this State is judicial, and such judge *ad litem* and referee are not merely aids to the court in ascertaining facts or in maturing causes for judicial determination by the court, therefore decisions that the name given such expert assistants to the court, is immaterial, are not in point here as in Mann v. Jennings, 25 Fla. 730, 6 So. R. 771, and other like cases cited by counsel.

The order of the circuit judge appointing a judge *ad*

*litem* and the "final decree" rendered by such appointee as "judge *ad litem*" are not mere irregularities of which the participating parties will not be heard to complain, but such proceedings were unauthorized and void, and could have been stricken on motion, or assailed collaterally; yet the order and the decree were made in a pending cause under supposed authority, and as an appeal was taken by some of the parties from the "final decree," this Court is not without jurisdiction to make a proper decree with reference to the void order and "final decree" that were made in the cause in the trial court. The matter has been fully presented by counsel for all parties. The motion to dismiss the appeal should be and is denied, and appropriate decree will follow.

The order of the circuit judge appointing a judge *ad litem* is invalid and the "final decree" rendered by a judge *ad litem* not authorized to render it, is void and without legal effect and the order and "final decree" are hereby reversed, and the cause is remanded for appropriate proceedings.

It is so ordered.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.