COBB, Judge.
The appellant, Commercial Laundries of West Florida, Inc. (Commercial) contends that its commercial leasehold interest in a large residential complex, wherein it maintained and serviced 52 coin operated laundry machines, was improperly terminated by a reforeclosure action by Tiffany Square Investors Limited Partnership (Tiffany). Tiffany had acquired ownership of the property by its initial foreclosure action, which had omitted Commercial. At the time of the initial foreclosure, Commercial’s machines were located in three laundry rooms on the premises, but its ten year lease agreement, executed in 1987 with the previous owner, was not recorded. During the initial foreclosure proceedings by Tiffany, Commercial continued to pay its monthly rent to a receiver.
■ After Tiffany received a certificate of title in January, 1990, Commercial tendered rent checks to the new owner for March and April, but the cheeks were returned. Rent checks for May, 1990 and subsequent months were received and cashed by Tiffany. In April, 1990, Tiffany sought to can *117 cel the lease by a reforeclosure action. Tiffany did not contend that Commercial was in default or guilty of misconduct, but simply relied on the priority of its recorded mortgage over the subsequent lease. After a non-jury trial, the court granted refo-reclosure and terminated the lease, giving rise to the instant appeal.
On appeal, Commercial contends: (1) that a lease being an interest in real property, and not a lien, an omitted tenant is not subject to reforeclosure of a mortgage; (2) that reforeclosure is an equitable remedy which is only available under exceptional equitable circumstances involving fault on the part of the leaseholder, which was not present in the instant case; (3) Tiffany was on constructive, if not actual, notice of Commercial’s leasehold interest prior to the initial foreclosure given its open possession of the laundry facilities, and, prior to conclusion of the foreclosure, Tiffany was on notice of the rent paid by Commercial to the receiver; (4) Tiffany’s acceptance of rent from Commercial after the initial foreclosure and with knowledge of Commercial’s claim constitutes waiver or estoppel or ratification precluding reforeclosure; and (5) Florida should protect junior encum-brancers by allowing them pro tanto redemption in reforeclosures in order to achieve an equitable result.
In regard to the first point, the appellant’s attempted distinction between liens and leasehold interests in realty, and the contention that the latter are not subject to reforeclosure actions, are apparently based on cases where owners by purchase at foreclosure sale thereafter sought to take action against a leaseholder who had not been joined in the foreclosure and without undertaking reforeclosure against that leaseholder. See, e.g., Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108 (1913) and Commercial Laundries, Inc. v. Golf Course Towers Associates, 568 So.2d 501 (Fla. 3d DCA 1990). In those cases, of course, the rights of parties omitted from the foreclosure could not be affected by it; moreover, those cases did not deal with reforeclo-sures. The appellant cites to no case holding, or even implying, that interests in realty are not subject to reforeclosure actions, and we have found none. On the other hand, the Florida Supreme Court stated in R.W. Holding Corporation v. R.I.W. Waterproofing & Decorating Co., 131 Fla. 424, 179 So. 753, 758 (1938):
A purchase of property, by the owner of the mortgage, at a sale under a foreclosure proceeding, to which the person owning legal title to the land, at the institution of the suit, was not made a party, does not bar a subsequent foreclosure suit in which the owner of the legal title is made party defendant. Jordan v. Sayre, 24 Fla. 1, 3 So. 329 (Fla.1888).
If an ownership interest in the legal title can be reforeclosed, it seems readily apparent that a leasehold interest derived from that ownership can also be reforeclosed. See Anderson, The Mortgagee Looks at the Commercial Lease, 10 U.Fla.L.Rev. 484, 494 (1957). This conclusion is further reinforced by the Florida Supreme Court’s statement in Quinn Plumbing Co. v. New Miami Shores Corporation, 100 Fla. 413, 129 So. 690 (Fla.1930):
It is well established in this jurisdiction that the purchaser or mortgaged property at a foreclosure sale, when for any reason the foreclosure proceedings are imperfect or irregular, becomes subro-gated to all the rights of the mortgagee in such mortgage and to the indebtedness that it secured. Such purchaser becomes virtually an equitable assignee of the mortgage and of the debt it secured, with all rights of the original mortgagee, and becomes entitled to an action de novo for the foreclosure of such mortgage against all parties holding junior encumbrances who were omitted as parties to the foreclosure proceedings under which the purchaser bought. Crystal R. Lbr. Co. v. Knight Turp. Co., 69 Fla. 288, 67 So. 974, Ann. Cas. 1917D, 574; Key West Wharf Co. v. Porter, 63 Fla. 448, 58 So. 599, 610, Ann. Cas. 1914A, 173; Meyer v. Florida Home Finders, 90 Fla. 128, 105 So. 267; Jordan v. Sayre, 29 Fla. 100, 10 So. 823. See also Dutcher v. Hobby, 86 Ga. 198, *118 12 S.E. 356, 10 L.R.A. 472, 22 Am.St.Rep. 444; Johns v. Wilson, 180 U.S. 440, 21 S.Ct. 445, 45 L.Ed. 613; Burns v. Hiatt, 149 Cal. 617, 87 P. 196, 117 Am.St.Rep. 157; 19 R.C.L. 635 (452). (emphasis added).
Quinn, 129 So. 690, 692.
The appellant’s second issue is based upon the argument that Commercial has been guilty of no fault or misconduct which should subject it to reforeclosure. This argument focuses upon the wrong party. The equitable misconduct — i.e., fraud or malafides — relevant to, and precluding, reforeclosure would be that of the foreclosing owner/mortgagee, Tiffany. See Quinn, 129 So. at 692, 693. In the instant case there was no factual finding by the trial court that Tiffany was guilty of any such misconduct in omitting Commercial from the initial foreclosure. The trial court accepted the representations of Tiffany that the omission was an innocent one, involving no bad faith.
Commercial’s third argument in regard to Tiffany’s actual or constructive notice of Commercial’s presence on the property prior to initiation of foreclosure has been rejected by the Florida Supreme Court in Crystal River Lumber Co. v. Knight Turpentine Co., 69 Fla. 288, 67 So. 974 (Fla.1915). Therein, it was held that the fact that a mortgagee purchaser knew of extant contract rights in the land prior to an initial foreclosure did not preclude its successors in title from enforcing the superior mortgage lien against those interests.
The fourth argument, which suggests in shotgun fashion that the reforeclo-sure was precluded by reason of the doctrines of waiver, estoppel and/or ratification, is simply a contention that Commercial always paid the rent, even after it was asked to leave the premises by the new owner, Tiffany, after the initial foreclosure. Commercial refused to leave, and its continued occupancy, whether rightful or wrongful, obligated it (legally and equitably) to pay rent to the owner pending determination of the reforeclosure action.
The appellant’s last issue is rebutted by the Quinn case, which rejected pro tanto redemption as a general rule. Obviously, this court is not at liberty to abrogate a general rule set forth by the Florida Supreme Court.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.