SULLIVAN, Justice,
dissenting.
Indiana precedent holds that the result reached by the Court “lend[s] sanction to an unjust enrichment of’ Citizens Bank. Oldham v. Noble, 117 Ind.App. 68, 78-79, 66 N.E.2d 614, 618 (1946). I respectfully dissent.
This is not a complicated case. The Clouds borrowed approximately $230,000 from Countrywide to purchase a home. The debt was secured by a first mortgage on the property that was properly recorded in April, 2005; as such, Countrywide was the “senior lienholder.” Subsequent to the mortgage being recorded, Citizens Bank obtained a judgment of approximately $110,000 against the Clouds which it recorded as a judgment lien against the same property in June, 2006. Citizens Bank was therefore the “junior lienholder.” The senior lienholder filed its foreclosure action in August, 2006. Had the junior lienholder been joined in the foreclosure proceeding, the result is obvious: the senior lienholder would be entitled to the first $230,000 and the junior lienholder to the next $110,000, after which fee simple absolute would vest in the purchaser of the property. To the extent proceeds would not have been sufficient to satisfy the junior lienholder’s lien, that lien would have been foreclosed although, of course, the bank would still be entitled to recover its deficiency from the Clouds.
Unfortunately, the “junior lienholder” was not joined in the foreclosure proceeding and so also became an “omitted party.” As such, its interest in the property was *1203 not foreclosed. Holmes v. Bybee, 34 Ind. 262, 270 (1870). What should happen here is that the senior lienholder and the omitted party get the practical equivalent of a “do-over” — a second foreclosure — in which the omitted party would be entitled to redeem its (subordinate) interest in the property and if it does not redeem, have its interest foreclosed. This was the result reached by the trial court. But instead, the Court allows the omitted party to maintain its lien on the property (now owned by Fannie Mae) but provides that the omitted party’s lien is no longer subordinate to any senior lien. That is, the Court promotes the omitted party from a junior to the senior lienholder without having to pay anything to redeem its interest.
The trial court correctly followed longstanding precedent in this regard and, furthermore, the Court’s result produces an unconscionable windfall for the junior lien-holder.
Precedent clearly establishes that Countrywide, the senior lienholder, was entitled to sue to foreclose the junior lienholder’s interest even though Countrywide had sold the property to Fannie Mae. This procedure was approved in Shirk v. Andrews, 92 Ind. 509 (1884), where A loaned money to B, secured by a mortgage (as such, A was the senior lienholder). B subsequently conveyed the property to C (subject to the mortgage). The senior lienholder then foreclosed on the mortgage without naming C as a party; C was an omitted party. The senior lienholder bought the property at the foreclosure sale and subsequently sold it to D. Id. at 510-11.[1]
When it became clear that the omitted party continued to have equity in the property, the senior lienholder initiated proceedings to foreclose the omitted party’s interest even though — and this is the point critical to the case before us — the senior lienholder no longer owned the property. (Remember that A, the senior lienholder, had conveyed it to D, just as Countrywide, the senior lienholder, had conveyed the property in this case to Fannie Mae.) Our Court held that A, “the mortgagee who purchased at the [foreclosure] sale,” was entitled to bring “a second action to foreclose the equity of’ the omitted party, who had “not been made a party” to the original foreclosure. Id. at 511 (citation and internal quotation marks omitted).
A more recent decision from the Court of Appeals explains why this is the proper result. In Oldham v. Noble, 117 Ind.App. 68, 66 N.E.2d 614 (1946), A conveyed property to B, secured by a mortgage in favor of A (the senior lienholder). B subsequently conveyed a life estate in the property to C with the remainder to D. These conveyances were subject to B’s mortgage in favor of the senior lienholder. The senior lienholder foreclosed on the mortgage, naming C but not D as a party. That is, D was an omitted party. The senior lien-holder then bought the property at the foreclosure sale and subsequently sold it to E. Id. at 71-72, 66 N.E.2d at 615-16.
Some years later, the omitted party attempted to assert its interest in the property, and the court readily recognized that because the omitted party had not been named in the foreclosure, the omitted party’s interest in the property had been unaffected by the foreclosure. Id. at 76, 66 N.E.2d at 617.
But what about the mortgage on the property that had been foreclosed in the initial proceeding? Here is what the court said:
*1204 It would seem at first blush that said mortgage was extinguished when [the senior lienholder] ... paid the full amount of principal and interest due on the foreclosure judgment.... To adopt such a view, however, would lend sanction to an unjust enrichment of [the omitted party].... It was clearly a legal mistake for [the senior lienholder] ■ to have omitted [the omitted party] as ... defendant when he foreclosed his mortgage but the decree he obtained is nevertheless binding upon him and those claiming under him. [The omitted party], however, cannot, in good conscience, be permitted to take advantage of such mistake merely because a decree, which they lawfully see fit to consider a nullity as to them, affords an opportunity to do so and thus deprive [E] of both the land and the money. We therefore hold that [E] are the owners of the [original] moi’tgage, by equitable assignment, and have the right to foreclose it as against [the omitted party], who, by the same token, have a reciprocal right to redeem by the payment of the pi’incipal sum of said moi’tgage together with interest. ...
Id. at 78, 66 N.E.2d at 618 (citation omitted).
Shirk and Oldham provide clear precedent for deciding the case before us. To be sure, both cases stand for the proposition that Citizens Bank’s interest in the property was unaffected by the initial foreclosure. ■ But Shirk makes clear that Countrywide can proceed to foreclose Citizens Bank’s interest on behalf of Fannie Mae. And Oldham makes clear that Fannie Mae has received an equitable assignment of Countrywide’s mortgage, which remains in effect as to Citizens Bank and which Citizens Bank has the right to redeem. This is, of course, precisely what the trial court ordered. Its judgment should be affirmed.
The Court grounds its decision in merger and anti-merger doctrine. In this regard, it seems to me that the Restatement (Third) of Property: Mortgages § 8.5 (1997), is correct to provide that the “doctrine of merger does not apply to mortgages.” The Restatement (Third) quotes the following rationale which seems particularly apt for this case:
Modern courts’ application of the merger doctrine to mortgages primarily results from the fact that at certain points in the early common law the paths of them legal development crossed. Because some early mortgage counterparts legitimately were subject to the operation of merger, it has clung tenaciously to mortgages ever since, although mortgages have evolved beyond the form to which merger applied. The law has grown up around merger, developing systems, such as the title records, that reflect modern practices and obviate the need for merger. Elimination of merger will strengthen this infrastructure.
Ann M. Burkhart, Freeing Mortgages of Merger, 40 Vand. L.Rev. 283, 386-87 (1987), quoted in Restatement (Third) § 8.5, Reporters’ Notes, cmt. a.

. Of historical note, the prevailing party in Shirk was represented by Lambdin P. Milli-gan.